LABORDE, Judge.
Defendant-appellant, Safeco Insurance Company of America, appeals the granting of a motion for partial summary judgment in favor of plaintiff-appellee, the Town of Melville. This case involves a contractual dispute between the Town of Melville and Mar-Len of Louisiana, Inc. arising out of the construction of a sewage system for the town. The Town of Melville sued both Mar-Len and Safeco, Mar-Len’s surety. The contractual dispute was decided in the town’s favor as a result of arbitration, but Mar-Len refused to tender payment. The Town of Melville then moved for a partial summary judgment against Safeco based on the arbitration award. The trial court granted the motion, and Safeco now appeals. We hold that the trial court did not commit error in the granting of the motion as there was no genuine issue of material fact given that Safeco admitted liability if Mar-Len was bound to pay Melville as a result of the arbitration proceedings and then refused.
FACTS
This suit arises out of a contract entered into on May 31, 1983 between appellee, the Town of Melville (Melville), and Mar-Len of Louisiana, Inc. (Mar-Len). Mar-Len contracted to construct a sewage collection system for Melville and Safeco Insurance Company of America, the appellant, acted as Mar-Len’s surety. In August 1984, Mar-Len ceased working on the sewage system and withdrew from the job before its completion. Mar-Len then filed a demand to have the dispute between the two arbitrated pursuant to the contract terms. Melville then sued Mar-Len in district court to stop the arbitration, but Mar-Len filed an exception to the suit claiming that arbitration was mandatory. The exception was sustained and the matter proceeded to arbitration. An arbitration award was rendered in favor of Melville in the amount of $63,321.00. This award was reduced to judgment in the 19th judicial district of East Baton Rouge Parish on October 11, 1988.
During the arbitration proceedings, Melville filed a second suit against Safeco Insurance Company of America (Safeco) on the surety bond. This case remained in limbo awaiting the outcome of the arbitration proceedings. After Melville prevailed in the arbitration proceedings, it amended its petition against Safeco seeking the amount their principal, Mar-Len, was cast in judgment. Melville then filed for summary judgment against appellant arguing that the arbitration award was binding as to the surety because the surety can have no greater rights than its principal. The trial court granted a partial summary judgment finding that Safeco had no right to collaterally attack the arbitration award. Safeco now appeals this ruling asserting four assignments of error.
*627 ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO
Safeco’s first and second assignments of error assert that the trial court erred by finding that it was attempting to collaterally attack the arbitration award between Melville and Mar-Len when it attempted to assert a personal defense that it was entitled to a pro tanto release of their obligation as a result of overpayment or premature payments on the original contract by Melville to Mar-Len. Louisiana lav/ does provide that a surety is entitled to a pro tanto release of its obligation as a result of an owner’s premature release of a retainage prejudicing the surety. State v. Wilco Construction Company, Inc., 393 So.2d 885 (La.App. 4th Cir.1981) amended, 393 So.2d 1150 (La.App. 4th Cir.1981), writ denied, 400 So.2d 905 (La.1981). However, we found nothing in the record of this appeal indicating that any such overpayment took place. During the hearing on the motion for summary judgment and in the appellant brief, Safeco’s counsel claims that such evidence can be found in a supporting affidavit of a David Boudreaux, however, no such affidavit is present in the record. Without any proof of overpayment or prepayment, Safeco has no defense to assert. Because the trial court was not confronted with any such proof, it viewed Safeco’s actions as a collateral attack on the arbitration award. Given the contents of the record, this court cannot say that this was an erroneous conclusion. Furthermore, it was not error for the trial court to disallow Safeco an opportunity to attack the arbitration award casting Mar-Len in damages in favor of Melville. By attempting to obtain a pro tanto release of the arbitration award, Safeco is attempting to modify the award. Louisiana’s arbitration law La.R.S. (9:4201-9:4217) states that an arbitration award may only be modified by a party to the arbitration. See La.R.S. 9:4211. Safeco was not a party to the arbitration proceedings conducted between Melville and Mar-Len. Accordingly, Louisiana law does not permit it to seek modification of the arbitration award. Additionally, even if Safeco had the right to attack the judgment, an arbitration award may be challenged only on the grounds specified in the statute. Firmin v. Garber, 353 So.2d 975 (La.1977). La.R.S. 9:4211 states the only grounds upon which an arbitration award may be modified. Assuming ar-guendo, that Safeco had the right to attack the judgment, it has not asserted a reason enumerated in the statute as grounds for modification. Therefore, appellant’s first and second assignments of error lack merit.
ASSIGNMENT OF ERROR NUMBER THREE
Safeco also contends that the trial court erred by disallowing Safeco to assert rescission of the contract based on error of cause. The record contains no evidence that there are grounds for rescission of the principal obligation. In fact, Mar-Len, in its demand for arbitration, alleges that Melville breached its contractual obligation to Mar-Len and sought a rescission of the contract as well as damages. Melville then asserted a counterclaim alleging the same grounds against Mar-Len. We were not provided with a copy of the arbitration transcript in the record submitted for this appeal. However, if grounds for a rescission truly existed, it is plausible and probable that this issue was resolved during the arbitration proceedings in Melville’s favor. This is especially true in light of the fact that both Mar-Len and Safeco were represented by the same attorney during these proceedings. Had Mar-Len’s attorney truly believed there were grounds for rescinding the contract, he would have asserted those grounds during the arbitration proceedings in order to support his client’s case. The record does not contain anything more than the arbitration award. Since Mar-Len lost during these proceedings, it is likely that the rescission issue was unsuccessfully argued on Mar-Len’s behalf. It is reasonable to assume Mar-Len asserted all of its defenses at the arbitration proceedings and lost. Therefore, we find no merit in Safeco’s contention that it was error for the trial court to disallow Safeco the right to assert rescission of the contract based on error of cause.
*628 ASSIGNMENT OF ERROR NUMBER FOUR
Safeco’s fourth assignment of error asserts that the trial court erred in finding no material fact at issue in this case and granting Melville’s motion for a partial summary judgment. In this case, Safeco contracted to be Mar-Len’s surety. Former La.C.C. art. 3035 (the law in effect at the inception of the contract) provided that suretyship is an accessory promise by which a person binds himself for another already bound, and agrees with the contractor to satisfy the obligation of the debt- or if he does not. Suretyship is merely an agreement by which one person promises to pay another’s obligation should he fail to do so. If the principal debtor must pay the obligation and does not, his surety is bound to fulfill the obligation. Thus, Safeco, was contractually bound to fulfill Mar-Len’s obligation if Mar-Len failed to do so. Mar-Len refused to pay the amount of the judgment confirmed from the arbitration award, and Melville properly sought this amount from Mar-Len’s surety, Safeco.
The issue of who was liable for breach of the principal obligation was resolved by arbitration. The arbitration award held Mar-Len liable. Safeco admitted in its memorandum in support of its exception of prematurity that they would be obligated to pay any claims against Mar-Len for breach of contract if there was a determination that Mar-Len breached the principal obligation and if Mar-Len failed to pay the claim. In its exception, Safeco stated:
“As can be seen in the current suit, Melville alleges the same claims, i.e., breach of contract by Mar-Len. These claims are arbitral under the contract. Safeco is not obligated to pay any such claims by Melville unless and until there is a final determination that Mar-Len in fact breached the contract, and then only if Mar-Len does not pay, the condition of the bonds being such.”
During the arbitration proceedings, Mar-Len was found to have breached the contract. Additionally, they refused to pay Melville. In as much as Safeco has admitted liability should these two events occur, there is no genuine issue of material fact present in this case. La.C.C.P. art. 966 provides that a motion for summary judgment shall be rendered when there is no genuine issue as to material fact. Therefore, the trial court did not err in granting Melville’s motion for partial summary judgment.
Safeco also raises the issue of whether an arbitration award against a contractor is res judicata as to the surety’s liability to the owner on a Public Work’s Contract. This issue is moot given that Safeco admitted liability as Mar-Len’s surety should Mar-Len be held by the arbitrators to have breached its contract with Melville.
DECREE
The decision of the trial court is affirmed. All costs of this appeal are assessed against Safeco.
AFFIRMED.
KING, J., dissents for the written reasons assigned.