DOUCET, Chief Judge.
In this case, the plaintiffs seek payment pursuant to a bond substituted for lien against certain property located in Lafayette Parish, Louisiana.
On April 29, 1983, the plaintiffs, Hershell Corporation, filed suit under the caption of Hershell Corporation v. Greener and Sumner Architects, Inc., #83-2648-A on the docket of the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana, for non-payment of labor and materials under a construction contract, and recognition of a lien against property owned by Greener & Sumner. On November 4,1988, judgment was rendered against Greener & Sumner d/b/a |2Corporate Towers, Ltd. in the amount of $40,000 plus attorney’s fees of $7,500.00. The judgment also recognized the Ken against property located at 201 Energy Parkway, Lafayette, Louisiana. At some point, a bond issued by Fireman’s Fund Insurance Company (FFIC) was substituted for the Ken. On October 31,1989, this suit was filed to coUect amounts due pursuant to the judgment, Ken and the bond which substituted for that Ken.
On March 11, 1996, a hearing was held on exceptions of no cause of action and prescription filed by FFIC. After hearing the arguments of counsel, the trial judge rendered judgment dismissing the plaintiff’s claim pursuant to the exception of prescription. The plaintiff appeals.
The appKcable prescriptive period is set out in La.R.S. 9:4823:
A. A privilege given by R.S. 9:4801, a claim against the owner and the privilege securing it granted by R.S. 9:4802, or a claim against the contractor granted by R.S. 9:4802 is extinguished if:
(1) The claimant or holder of the privilege does not preserve it as required by R.S. 9:4822; or
(2) The claimant or holder of the privilege does not institute an action against the owner for the enforcement of the claim or privilege within one year after the expiration of the time given by R.S. 9:4822 for filing the statement of claim or privilege to preserve it; or
(3) The obKgation which it secures is extinguished
B. A claim against a contractor granted by R.S. 9:4802 is not extinguished by the failure to file a statement of claim or privilege as required by R.S. 9:4822 if a statement of the claim or privilege is deKv-ered to the contractor within the period allowed for its filing by R.S. 9:4822. The failure to file an action against the owner *523 as required by R.S. 9:4823(A)(2) shall not extinguish a claim against a contractor if an action for the enforcement of the claim is instituted against the contractor or his surety within one hyear after the expiration of the time given by R.S. 9:4822 for filing the statement of claim or privilege to preserve it.
C. The extinguishment of a claim or privilege shall not affect other rights the claimant or privilege holder may have against the owner, the contractor, or the surety.
D. A privilege granted by this Part is extinguished if a bond is filed by the owner as provided by R.S. 9:4835.
The appellants argue that the suit against Greener & Sumner and the judgment proceeding therefrom constitute institution of “an action against the owner for the enforcement of the claim or privilege within one year after the expiration of the time given by R.S. 9:4822 for filing the statement of claim or privilege to preserve it ...” Therefore, they assert that the trial judge erred in finding that their action against FFIC had prescribed.
The appellees argue that Hershell’s suit was not instituted against the proper owner of the property, but only against the general contractor. In support of this argument they cite this court’s ruling in Cardinal Federal Savings Bank v. Corporate Towers Partners, Ltd., 629 So.2d 462 (La.App. 3 Cir.1993), writ denied, 94-0071 (La.3/11/94); 634 So.2d 396. That case concerned ranking of liens arising out of the same construction project as this case. In that case, this court held that even thought Cardinal Federal’s mortgage was recorded after Hershell’s lien, Cardinal’s mortgage was to be ranked before Hershell’s lien. The court found that because Hershell’s lien did not correctly name the owner of the property, Cardinal was entitled to the protection of the Public Records Doctrine and therefore, to superior status for its hen. FFIC argues that this case holds that Her-shell did not properly sue the owner of the property as required by La.R.S. 9:4823. This is not the holding of the Cardinal case. Cardinal concerns the ranking of hens and the Pubhc Records Doctrine. The finding
JUpf that case is that Hershell’s filings in the pubhc record do not sufficiently identify the owner so as to properly notify third parties as to its claim. The Cardinal case cited by appellees states that the facts of the case can be found in the previous decision in Cardinal Federal Savings Bank v. Corporate Tower Partners, Ltd., 564 So.2d 1282 (La.App. 3 Cir.1990). In that case, this court reversed the trial court’s judgment ranking Cardinal’s mortgage superior to all other claims, and remanded for further evidence. The court found that “[o]n July 7, 1981, Sumner and Greener, Ltd., a Texas limited partnership, sold the immovable property to Corporate Tower Partners, Ltd., a Texas limited partnership, also known in the State of Louisiana as Greener & Sumner Architects, Inc., d/b/a Corporate Tower Partners, Ltd.” Id. at 1284. Accordingly, it appears that Corporate Tower Partners, Ltd. is a trade name for Greener & Sumner. Further, the judgment in Hershell Corporation v. Greener and Sumner Architects, Inc., #83-2648-A, the plaintiffs suit to enforce the hen, clearly renders judgment against Greener & Sumner d/b/a Corporate Towers, Ltd.
Further, the Pubhc Records Doctrine does not apply in this case. FFIC is not a third party to the transaction as contemplated by the Pubhc Records Doctrine. There is nothing of record to indicate that FFIC relied on pubhc records in issuing this bond. FFIC issued a bond specifically to cover the debt represented by the hen filed by Her-shell Corporation on the specific property affected by the hen. The bond instrument makes it clear that FFIC was aware of the parties involved in this matter.
Having found that Hershell properly sued the owner of the affected property within the time limits set by La.R.S. 9:4823, we find that prescription has not run on Hershell’s claim against FFIC. Accordingly, the judgment of the trial court is Reversed. This case is remanded for further proceedings. Costs of this appeal are assessed to the appellee, FFIC.
REVERSED.