743 So.2d 698 (1999)
HERSHELL CORPORATION, PlaintiffAppellee/Appellant,
v.
FIREMAN'S FUND INSURANCE COMPANY, DefendantAppellant/Appellee.
No. 98-1352.
Court of Appeal of Louisiana, Third Circuit.
June 2, 1999.
*699 Henry Eugene Yoes, III, Lake Charles, Jeffrey Ackermann, Lafayette, David Bruce Jones, for Hershell Corp.
Lloyd Noble Shields, Daniel Lund, III, New Orleans, for Fireman's Fund Ins. Co.
Before DECUIR, SULLIVAN, and GREMILLION, Judges.
SULLIVAN, Judge.
Suit was filed by Hershell Corporation against Fireman's Fund Insurance Company, surety for Greener & Sumner Architects, Inc. d/b/a Corporate Towers, Ltd. (Greener & Sumner), to collect on a judgment in its favor for non-payment of materials and labor used in the improvement of immovable property owned by Greener & Sumner. Plaintiff and Defendant appeal rulings of the trial court on motions for summary judgment filed herein by each of them. Additionally, Defendant appeals a ruling of the trial court on an exception of peremption filed by it. For the following reasons, we affirm in part and reverse in part.

*700 FACTS
In 1982, Hershell Corporation (Hershell) contracted with Greener & Sumner to supply materials and labor for the construction of a commercial building in Lafayette, Louisiana. Hershell filed a lien on the property in March 1982. A notice of substantial completion of the building was filed on January 6, 1983. Hershell filed suit against Greener & Sumner on April 29, 1983, and a notice of lis pendens was filed in the mortgage records of Lafayette Parish. On October 31, 1984, a bond in the amount of $50,000.00 issued in favor of Hershell by Fireman's Fund Insurance Company (FFIC), as surety for Greener & Sumner, was filed in the mortgage records of Lafayette Parish. Hershell had no knowledge of the existence of the bond until April 12, 1988. Trial was held in the matter between Hershell and Greener & Sumner, and judgment was rendered in favor of Hershell against Greener & Sumner on November 9, 1988, in the principal amount of $40,000.00, together with legal interest thereon from judicial demand until paid. The judgment also recognized the lien rights of Hershell in the immovable property improved by the materials and labor it supplied and awarded attorney fees in the amount of $7,500.00 to Hershell. Suit was filed by Hershell on October 31, 1989, to enforce the November 9, 1988 judgment against FFIC as surety on the bond posted for Greener & Sumner.
Previously, this matter was before this court on an exception of prescription when FFIC argued that Hershell's claims against it had prescribed. We determined that prescription had not run under the provisions of La.R.S. 9:4823(D). See Hershell Corp. v. Firemen's Fund Ins. Co., 96-1115 (La.App. 3 Cir. 3/5/97); 692 So.2d 521; writ denied, 97-1643 (La.10/3/97); 701 So.2d 208. Thereafter, FFIC filed an exception of peremption. The trial court denied the exception of peremption, and FFIC appeals. Hershell and FFIC each filed motions for summary judgment. The trial court granted partial summary judgment in favor of FFIC, limiting its obligation to the face amount of the bond issued by it in favor of Hershell. Summary judgment was granted in favor of Hershell in the amount of $50,000.00; however, its claims for interest, penalties, and attorney fees were denied. Each party appeals the trial court's rulings on the motions for summary judgment. Additionally, Hershell seeks sanctions against FFIC for frivolous appeal.

PEREMPTION
FFIC argues that the period for filing claims against a surety is peremptive and that Hershell's claims against it were extinguished because Hershell did not file suit against it within one year of its knowledge of the existence of the bond. We agree that the period for the pursuit of claims granted by the Private Works Act is peremptive. However, we do not agree that Hershell's claims against FFIC were perempted.
The Private Works Act protects claimants when their claims are timely filed against one of three parties who have contracted with one another, i.e., claims may be asserted against the contractor, if applicable, the owner, or the surety. La.R.S. 9:4813; 9:4802; 9:4823. A surety's liability under the Private Works Act is set forth in La.R.S. 9:4813, which provides in Subsection E that a surety's liability is extinguished as to all persons "who fail to institute an action asserting their claims or rights against the owner, the contractor or the surety within one year after the expiration of the time specified in R.S. 9:4822 for claimants to file their statement of claim." (Emphasis added.) Hershell's suit against Greener & Sumner, filed April 29, 1983, was filed within the one year period provided in La.R.S. 9:4822.
Subsection E of La.R.S. 9:4802 contains essentially the same provision for situations where improvement is made upon an immovable pursuant to a contract between an owner and a contractor. In those situations, a claim may be asserted *701 "against either the contractor, his surety, or the owner without the joinder of the others." A claim is extinguished if not preserved as required by La.R.S. 9:4822 or if suit to enforce the privilege is not filed against the owner within one year after expiration of the period for filing the privilege to preserve it. La.R.S. 9:4823. Comment (a) to La.R.S. 9:4823 states, in part, "[u]nder Subsection A preserving the claim against the owner also prevents its extinguishment against the contractor or surety." (Emphasis added.)
The language of these provisions is clear and unambiguous, and the intention of the legislature is clear: suit against the contractor, owner or surety preserves the claim. It is a matter of preservation of the claim or privilege, not of interruption or suspension of the time period for preserving the claim or privilege. Timely filing of a statement of claim followed by timely filing of suit against one of the three appropriate parties preserves the claim. Here, an owner contracted directly with Hershell for materials and labor. Hershell filed its claim and suit against the property and owner in accordance with the provisions of the Private Works Act. Timely filing of suit against the owner preserved Hershell's claim for costs of materials and labor.
Cases cited in support of FFIC's argument are correctly cited for the proposition that a privilege granted by La.R.S. 9:4801, a claim against the owner and the privilege securing it granted by La.R.S. 9:4802, or a claim against the contractor granted by La.R.S. 9:4802, is extinguished if not asserted within the period of limitation provided for in the statute. However, they are incorrectly cited for the proposition that Hershell's claim against FFIC was perempted. For example, in the cases of Lagniappe Construction Co. v. Montecino, 525 So.2d 693 (La.App. 4 Cir. 1988) and Abry Bros., Inc. v. Tillman, 245 La. 1017, 162 So.2d 346 (1964), the owners successfully defeated claims by contractors on the basis of peremption because the contractors filed suit more than one year after they recorded their privileges.
FFIC also cites Metropolitan Erection Co., Inc. v. Landis Construction Co., Inc., 627 So.2d 144 (La.1993), in support of peremption. In Metropolitan, a surety successfully defeated a subcontractor's claim because no suit was filed by the subcontractor to enforce its claim within one year of the filing of its privilege. The subcontractor argued that an acknowledgment of the debt by the contractor interrupted the peremptive period. The supreme court held that the period for filing a claim against a surety under La.R.S. 9:4813(E) is peremptive, and the claim becomes extinguished if not asserted within the period provided therein; the period for filing the claim cannot be interrupted or suspended. FFIC argues that, pursuant to the holding of Metropolitan, Hershell's suit against Greener & Sumner did not "interrupt" this peremptive period as to it.
In Metropolitan, the court held "that a right against a surety under La.Rev.Stat. 9:4813 E involves a period of peremption and becomes extinguished if not asserted within the period of limitation, which cannot be suspended or interrupted." Id. at 148 (emphasis added).
Our determination herein is not at odds with the determinations in any of these cases. In all of these cases, suit was not timely filed after the claimant's privilege was filed. In Metropolitan, the supreme court held that a right against a surety is extinguished "if not asserted within the period of limitation." The court did not hold that a right against a surety is extinguished if not asserted against the surety within the period of time limitation. Hershell's claim and suit were "asserted within the period of limitation" provided by the Private Works Act.
In arguing this assignment of error, FFIC attempts to confuse the interruption of prescription among solidary obligors provided in La.Civ.Code art. 3504 with the rule that a peremptive period cannot be *702 interrupted or suspended. There is no correlation between the two, and the supreme court's decision in Metropolitan does not support FFIC's argument. This assignment is without merit.

SUMMARY JUDGMENT
Both FFIC and Hershell filed motions for summary judgment in the trial court. Summary judgment is governed by La. Code Civ.P. arts. 966 and 967. Appellate courts review summary judgments de novo, using the same criteria applied by the trial courts in determining whether summary judgment is appropriate. Schroeder v. Board of Supervisors, 591 So.2d 342 (La.1991). Article 966 declares, in part, that "summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends." A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. The mover has the burden of proof to show that no genuine issue of material fact exists, and only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law is summary judgment appropriate. La.Code Civ.P. art. 966; Hollander v. Days Inn Motel, 97-805 (La.App.3 Cir. 12/10/97); 705 So.2d 1126, writ denied, 98-746 (La.5/1/98); 718 So.2d 417 (citing Washington v. State, Dep't of Transp. & Dev., 95-14 (La.App. 3 Cir. 7/5/95); 663 So.2d 47, writ denied, 95-2012 (La.11/13/95); 664 So.2d 405).

FFIC's Motion for Summary Judgment
FFIC appeals the trial court's refusal to grant full summary judgment in its favor. For the following reasons, we find no merit to FFIC's claims on this issue.
In its motion for summary judgment, FFIC argued that the judgment in favor of Hershell against Greener & Sumner cannot be enforced against it for three reasons: 1) Hershell's claim against it is improper because it was not made a party to Hershell's suit against Greener & Sumner; 2) Hershell is equitably estopped from pursuing its judgment against FFIC; and 3) the failure of Hershell to properly itemize its lien pursuant to the requirements of La.R.S. 9:4822(G) renders the judgment against Greener & Sumner unenforceable against it.
In arguing this issue, FFIC first asserts that the law does not recognize Hershell's claim against it based solely upon a judgment against a non-party in prior litigation. In essence, FFIC wants to make Hershell re-litigate the claims it previously litigated against Greener & Sumner.
FFIC's arguments ignore the fact that it is the surety for Hershell's claims against Greener & Sumner. FFIC guaranteed payment to Hershell if Greener & Sumner did not pay. La.R.S. 9:4835(A); La.Civ. Code art. 3035. FFIC was compensated for its obligation as surety; therefore, its obligations to Hershell are strictly construed in favor of protecting Hershell. Louisiana Bank and Trust Co., Crowley, La. v. Roanoke Rice Co-op., 298 So.2d 868 (La.App. 3 Cir.1974).
FFIC argues that the judgment against Greener & Sumner is not binding on it, citing Road Dist. No. 1 of Jackson Parish v. Fidelity & Deposit Co. of Maryland, 195 La. 621, 197 So. 252 (1940). In the Jackson Parish case, suit was instituted against a principal, who served as parish treasurer and treasurer of the road district, and a surety, which bonded the principal's duties only in his capacity as parish treasurer. After judgment was rendered in favor of the plaintiff against the principal and the surety, in solido, for acts committed by the principal in his capacity as treasurer of the road district, the surety appealed. On appeal, the surety raised a coverage defense, i.e., the principal's liability occurred in his capacity as *703 treasurer for the road district, not as parish treasurer for which it issued a bond. The court determined that failure of the principal to appeal the judgment did not affect the right of the surety to appeal the judgment. On appeal, the surety urged its coverage defense. The defense urged by the surety was not a defense available, or even applicable, to the principal. It was a defense available only to the surety. The elements of the claim against the principal were not at issue as they are in this case. Accordingly, we find the holding of Jackson Parish inapplicable to this case.
The Private Works Act does not contain specific provisions that answer this issue. However, in delineating the obligations of the surety the act provides that the surety is liable without the benefit of division or discussion. La.R.S. 9:4813(A) and 9:4835(A). Comment (a) to La.R.S. 9:4813 explains that, pursuant to this provision, a surety's liability "is regulated by the rules of suretyship (as modified by this act) not those of principal solidary obligors." Article 3046[1] (formerly Article 3060) of the Louisiana Civil Code allows a surety to defend a creditor's claims by raising all exceptions belonging to the principal debtor "which are inherent in the debt." The surety can not assert defenses personal to the debtor such as discharge in bankruptcy or lack of capacity.
In Folse v. Maryland Casualty Co., 193 So. 385 (La.App. 1 Cir.1940), the court addressed a surety's right to raise a defense available to the principal debtor. In Folse, the contractor and its surety were sued to recover payment for millwork supplied for a home constructed by the contractor. During the course of the litigation, the surety sought to raise as a defense the claim that all of the material supplied by the plaintiff had not been used in the construction of the home. In rejecting the surety's defense, the court determined that "the surety is limited in an action of this kind to the same defenses as those the contractor can make. Falgoust [the contractor] not having urged any such defenses we are now presented, it follows that the bonding company is precluded from successfully invoking them." Id. at 388.
At the time of the decision in Folse, the act contained a provision that limited the defenses available to the surety to those of the contractor. As noted above, this limitation is now provided in La.Civ.Code art. 3046 (formerly Article 3060). When the provisions of Article 3046 and the holding of Folse are considered together, it is clear that FFIC cannot relitigate the claims Hershell asserted against Greener & Sumner. Any defenses available to Greener & Sumner should have been raised by Greener & Sumner in the prior litigation.
The scheme of the Private Works Act supports this conclusion. The act provides for the protection of those who contribute to the improvement of immovable property. If those contributors are not paid, they are granted recourse against the owner of the immovable and the immovable. To protect himself and his property, an owner can secure a bond from a surety, which by law and contract guarantees payment of the owner's obligation. Timely filing of suit against the contractor, owner, or surety preserves a claim. See La.R.S. 9:4813; 9:4823; 9:4835. It would be counter-productive and defeat the purpose of the act to allow a surety to raise all of the defenses available to the owner and/or contractor in litigation by a contributor after judgment has been obtained against the owner and/or contractor who had the opportunity to raise all defenses available in that litigation. This assignment is without merit.
FFIC next contends that Hershell's judgment against Greener & Sumner equates to an election of remedies which precludes Hershell from enforcing FFIC's bond. The judgment in favor of *704 Hershell against Greener & Sumner awards Hershell the amount of $40,000.00 pursuant to its lien, together with legal interest from date of judicial demand until paid, costs, $7,500.00 for attorney fees, and recognizes its lien against the immovable property improved by its materials and labor. FFIC argues that the lien was extinguished when Greener & Sumner posted the bond and that Hershell's action in obtaining the judgment against Greener & Sumner to recognize its lien against the immovable property, rather than having the judgment recognize Hershell's rights to FFIC's bond, was an election of remedies, which estopped Hershell from enforcing FFIC's bond thereafter.
This argument is premised upon La.R.S. 9:4823(D) which allows an owner to post a bond to extinguish the privilege granted by La.R.S. 9:4801 and/or 9:4802. The argument ignores La.R.S. 9:4823(C), which provides that "[t]he extinguishment of a claim or privilege shall not affect other rights the claimant or privilege holder may have against the owner, the contractor or the surety." Accordingly, the extinguishment of the privilege did not affect Hershell's rights against Greener & Sumner or FFIC.
FFIC argues the lien affidavit filed by Hershell was insufficient to satisfy the requirements of La.R.S. 9:4822(G). This defense was available to Greener & Sumner in Hershell's suit against it. The defense is not now available to FFIC. See La.Civ. Code art. 3046 (formerly Article 3060) and Folse, 193 So. 385.
These assignments are without merit.

Hershell's Motion for Summary Judgment
The trial court granted summary judgment in favor of Hershell on FFIC's bond, but limited its recovery to the face amount of the bond, $50,000.00. Further, the trial court awarded Hershell costs, but denied its claims for legal interest, penalties, and attorney fees.
Hershell's motion for summary judgment seeks a judgment against FFIC for the amount of the judgment rendered in its favor against Greener & Sumner, which is in the principal amount of $40,000.00, together with legal interest from date of judicial demand until paid, court costs, and $7,500.00 in attorney fees. In support of its motion for summary judgment, Hershell filed into the record its judgment against Greener & Sumner and the bond issued by FFIC to Greener & Sumner in favor of Hershell. The judgment established Greener & Sumner's liability to Hershell and FFIC's guarantee of the payment of Greener & Sumner's obligation to Hershell. This proved Hershell's entitlement to judgment against FFIC on FFIC's bond.
FFIC's opposition to Hershell's motion for summary judgment is essentially the same as its arguments in support of its own motion for summary judgment, i.e., it attempts to attack Hershell's judgment against Greener & Sumner. Hershell cites J.L. Philips v. Barber & Co., Inc., 150 La. 907, 91 So. 293 (1922), in support of its motion for summary judgment. The issue in Philips was the surety's liability on a forthcoming bond pursuant to a judgment against the principal. The surety attempted a collateral attack on the judgment against the principal. The supreme court rejected the defense of the surety and determined "that the surety is bound by the judgment, and that he may not attack the same, except where he charges fraud or collusion between the seizing creditor and the principal on the bond." Id. at 293.
FFIC cites the Jackson Parish case in opposition to the proposition of the Philips case, arguing that the bond at issue in the Philips case distinguishes it from this case. We do not agree. First, we observe that the Jackson Parish case and all of the cases cited therein concern coverage issues raised by the defendant sureties. FFIC also cites the case of Wiemann v. Mainegra, 112 La. 305, 36 So. 358 (1904). At issue in Wiemann was an administrator's *705 bond. The law concerning such bonds required that the obligee of the bond make a judgment with an unsatisfied writ of execution against the principal the basis of the action against the surety. There is no such requirement of an obligee on a lien bond. Additionally, there was no waiver of division or discussion by the surety in Wiemann making it solidarily liable with the debtor as provided by La.R.S. 9:4813(A) and 9:4835(A).
FFIC also cites the case of Town of Melville v. Safeco Insurance Co. of America, 94-1039 (La.App. 3 Cir. 3/1/95); 651 So.2d 404, writ denied, 95-836 (La.5/5/95); 654 So.2d 333, in opposition to summary judgment. There are three reported decisions on the Melville case, which appear at 589 So.2d 625 (La.App. 3 Cir.1991), 593 So.2d 376 (La.1992), and 94-1039 (La. App. 3 Cir. 3/1/95); 651 So.2d 404. The first report of the case sets forth in detail the proceedings which occurred among the parties up to the time of the appeal presented therein, which was the appeal of a grant of summary judgment against the surety.
Mar-Len, the contractor on a project by the Town of Melville, failed to perform according to its contract. Melville sued Mar-Len who filed for arbitration pursuant to the contract. While Mar-Len and Melville were in arbitration, Melville sued Safeco, surety for Mar-Len. After Melville received an award in the arbitration, it filed a motion for summary judgment against Safeco claiming the arbitration award against Mar-Len was binding as to Safeco because a surety can have no greater rights than the principal. This court upheld the finding by the trial court in favor of Melville. Judge King dissented, explaining that Safeco was not attempting a collateral attack on the judgment against Mar-Len, but was asserting defenses personal to it as surety for Mar-Len. Judge King explained:
The surety is not making a collateral attack on the judgment against the surety's principal when it attempts to show that its own liability on its contract of suretyship does not extend to payment of the judgment which a judgment creditor of the surety's principal seeks to enforce against the surety. Safeco is not precluded from raising the defenses personal to it which were not at issue between the Town and Mar-Len in the arbitration or in the suit which confirmed the arbitration award. A judgment against a principal is not conclusive proof that the contract of suretyship binds the surety to pay the judgment against the surety's principal.
Town of Melville, 589 So.2d at 629. The supreme court granted writs and reversed the summary judgment finding that there appeared to be material issues of fact "related to defenses which are personal to the surety and may not be precluded by the arbitration award." Town of Melville, 593 So.2d at 377.
In all of the cases cited by FFIC, the defenses urged by the sureties were coverage issues personal to the sureties. None of the cases addressed collateral attacks on a judgment rendered in favor of the obligee against the principal. We find no merit in the defenses urged by FFIC.
The trial court denied Hershell's claim for legal interest on its judgment against Greener & Sumner to the extent that it exceeded the face amount of the bond issued by FFIC in its favor. Pursuant to the terms of its bond and the provisions of the Private Works Act, FFIC bound itself, in solido, with Greener & Sumner to pay Greener & Sumner's indebtedness to Hershell. Article 2000 of the Civil Code provides that damages for the delay of performance when the object is the payment of a sum of money is the payment of interest. Interest can be recovered without the obligee having to prove any loss. Id.
FFIC argues that it cannot be held liable to Hershell for any amount in excess of the $50,000.00 face amount of its bond. We disagree. FFIC bound itself to fulfill *706 the obligation of Greener & Sumner to Hershell. On November 8, 1988, judgment was rendered in favor of Hershell and against Greener & Sumner in the principal amount of $47,500.00, together with legal interest and costs. FFIC has not paid any amount of the judgment, even though its bond is in the amount of $50,000.00. FFIC's obligation to Hershell was contingent upon Greener & Sumner's failure to pay its obligation to Hershell. Greener & Sumner has not paid its obligation to Hershell. A surety's liability on a bond is to pay when its principal does not. FFIC's failure/refusal to pay its obligation to Hershell, as surety on the bond, is separate from Greener & Sumner's obligation to Hershell.
In the case of Fidelity Homestead Ass'n v. Kennedy & Anderson, 158 La. 1059, 105 So. 64 (1925), the supreme court determined that costs, interest from judicial demand, and statutory penalties were not limited by the defendant's obligation as surety. As the court noted, these obligations are imposed by law and not limited by the surety's obligation as a surety. For these reasons, we find that the trial court was manifestly erroneous in denying Hershell's claim for legal interest. We note that legal interest on Hershell's judgment against Greener & Sumner, when added to the principal award of $40,000.00 and attorney fees of $7,500.00 would increase the value of the judgment above the amount of FFIC's bond, $50,000.00. Therefore, legal interest is awarded in favor of Hershell and against FFIC on the $50,000.00 bond from the date of judicial demand against FFIC until paid.
FFIC contends that it cannot be held liable for interest, relying upon La. R.S. 9:4835 for support. This provision of the Private Works Act establishes the criteria for the surety bond that an owner can substitute for a lien on his property. It requires that the bond be in an amount equal to 125 % of the privilege together with interest, costs, and attorney fees. This provision does not limit the liability of the surety for its own failure to pay. Rather, it informs the principal and the clerk of court of the amount required for the bond to be acceptable under the Private Works Act. There is no merit to this defense.

ATTORNEY FEES AND PENALTIES
Hershell seeks attorney fees for FFIC's failure to satisfy its obligation on its bond under La.R.S. 9:3902, 22:658 and 22:1220. La.R.S. 9:3902 provides for ten per cent attorney fees on the amount a creditor recovers when a surety on a bond fails to pay his obligation. In order to recover attorney fees, the creditor must prove that an attorney was employed to enforce the surety's obligation, that written amicable demand was made upon the principal and surety, and that thirty days has elapsed after written amicable demand was made on the principal and surety with no payment by the surety. Additionally, the creditor must recover the full amount claimed to be due to him. This statute has been strictly construed, and the creditor must fully comply with all of its requirements to recover. Bossier Medical Properties v. Abbott & Williams Constr. Co. of La., 557 So.2d 1131 (La.App. 2 Cir.1990). Hershell's only proof of amicable demand is in an answer to an interrogatory in which Hershell states that correspondence directed to FFIC dated April 13, 1988, requested "that Fireman's Fund confirm or deny the validity of the bond at that time." This does not constitute amicable demand and is insufficient to entitle Hershell to an award of attorney fees under this statute.
Both La.R.S. 22:658 and La.R.S. 22:1220 provide for penalties against insurers. Both provisions require satisfactory proof of loss as a predicate to an award of penalties. This requirement is flexible and does not require any formal style. It only requires that "the insurer receives sufficient information to act on the claim, `the manner in which it obtains the information *707 is immaterial.'" Sevier v. U.S. Fidelity & Guar. Co., 497 So.2d 1380, 1384 (La.1986) (quoting Austin v. Parker, 672 F.2d 508, 520 (5th Cir.1982)).
Hershell argues that its answers to interrogatories, its lien, and its suit to enforce the lien, which had been filed at the time of the issuance of FFIC's bond, provided satisfactory proof of loss to FFIC. We do not find these to be satisfactory proof of loss. In neither instance was there notice to FFIC that Hershell wanted FFIC to pay pursuant to its bond. With regard to the answers to interrogatories, there is only a request for confirmation of the validity of the bond. With regard to the existence of the lien and the suit at the time of the issuance of the bond, these are only proof that the lien had not been paid and of Hershell's intent to exercise its rights to obtain a money judgment and recognition of its lien. There was no indication of an expectation by Hershell for payment by FFIC.
We conclude that Hershell failed to prove that satisfactory proof of loss was provided to FFIC of its claim for payment on the bond; therefore, it is not entitled to an award of penalties and/or attorney fees.

FRIVOLOUS APPEAL
Hershell argues that FFIC's conduct in filing and pursuing this appeal after this court's ruling and the supreme court's denial of writs on its exception of no cause of action and prescription warrants sanctions under La.Code Civ.P. art. 2164. Article 2164 provides for an award of damages for frivolous appeal and taxation of costs in the trial court and appellate court.
FFIC filed an exception of no cause of action and prescription on June 28, 1995. In that exception, FFIC argued that Hershell did not have a cause of action against it, or that any cause of action Hershell may have had against it was prescribed. The trial court granted the exception of prescription. On appeal, this court reversed the trial court's ruling. Hershell Corp., 692 So.2d 521. FFIC sought writs to the Louisiana Supreme Court, which were denied. Hershell Corp., 701 So.2d 208. Subsequently, FFIC filed the exception of peremption addressed hereinabove.
We agree with Hershell that FFIC's pursuit of the exception of peremption in the trial court and in this court on appeal are without serious legal merit. Both the exception of prescription and the exception of peremption present the same legal question: had Hershell acted timely to preserve its claim against FFIC? The answer is the same in both instances: yes. The law is the same under the facts, regardless of whether the exception is identified as prescription or peremption.
However, the fact that FFIC's appeal on the issue of peremption is without legal merit is insufficient for an award of damages for frivolous appeal. Ray v. Leatherman, 96-542 (La.App. 3 Cir. 10/9/96); 688 So.2d 1133. Damages will be awarded for frivolous appeal only when it is clear that the appeal was a delay tactic or that the appellant does not seriously believe in his position on appeal. Id.
FFIC's appeal is not based solely on the trial court's denial of its exception of peremption; therefore, we cannot conclude the appeal was simply a delay tactic. Furthermore, FFIC's arguments on appeal make it clear that it has a strong belief in its position. Accordingly, Hershell's demand for frivolous appeal damages must be denied.
AFFIRMED IN PART AND REVERSED IN PART.
NOTES
[1] Book III, Title XVI of the Louisiana Civil Code of 1870, Of Suretyship, was revised, amended, and re-enacted by Acts 1987, No. 409, § 1, effective January 1, 1988.