STEWART, J.
Safeway Insurance Company (“Safeway”) appeals the judgment of the Monroe City Court in favor of La’Kisha Jean Carter awarding her $2,000.00 in general damages for the total loss of her vehicle and $850.00 in attorney’s fees. For the reasons set forth below, we affirm the judgment of the trial court.
FACTS
Carter purchased a 1991 Lincoln Town Car on March 19, 2001, from Dan’s Auto Sales in Monroe, Louisiana, and insured it under a policy issued by Safeway. Approximately three months later, in the late hours of June 23, 2001, or the early morning hours of June 24, 2001, the vehicle was stolen from the driveway at her apartment. The burned remains of the car were located by the Monroe Police Department on June 25, 2001.
Carter filed suit against Safeway on April 5, 2002, seeking damages for the total loss of her vehicle and alleging that she should be awarded penalties and attorney’s fees for Safeway’s failure to timely pay her claim. In answer, Safeway asserted a general denial of all the factual allegations in Carter’s petition. On November 4, 2002, Safeway filed an amending and supplemental answer denying coverage under their policy on the basis of sub-paragraph (o) of the exclusions contained in the section entitled “Part IV — Physical Damage.” This exclusion provides that coverage under the policy does not apply:
(o) to loss due to theft under coverage (A) of this part if evidence exists that forcible entry was not required to gain access to the automobile.
|gThe matter came for trial on January 8, 2003. Carter testified that on the evening of June 23, 2001, she returned from a friend’s home and parked the vehicle in question in her driveway, with all the windows closed and the doors locked. She then went into her apartment with the only set of keys to the automobile in her possession. When she awoke the next morning the vehicle was gone. She then called the police who came out to make a report. She testified that there was no broken glass in the vicinity of where the vehicle had been parked and that she had no knowledge of how the perpetrators had gained access to the vehicle. However, Carter did admit that when she purchased the vehicle the driver’s side window was “off the track” and could be pushed down. She further admitted that this defect had not been repaired at the time the vehicle was stolen. Carter testified that she reported the loss to Safeway the same day that the vehicle was located by the police and that a representative of Safeway took her statement at her home. Safeway has never tendered payment for the loss of the vehicle.
Officer Michael Calloway of the Monroe Police Department responded to the call on the morning of June 27, 2001. He testified that he had filled out a report and inspected the area where the car had allegedly been parked. He stated that he found no evidence of broken glass and had no knowledge of how access had been gained to the vehicle. He admitted that after the vehicle was found he had not inspected it so as to be able to determine *282 whether there was any evidence that would suggest the method used to gain access to the vehicle.
13As to the value of the vehicle, the court heard testimony from three separate witnesses. Carter testified that she had purchased the car for $2,000.00 just three months prior to its loss. She testified that since purchasing it she had made improvements to the vehicle by replacing the old starter with a new one and buying new tires. She was unsure as to the mileage on the vehicle but indicated that she believed it to have more than 100,000 miles on it despite the indication on the “Bill of Sale” that it only had 43,128 miles on it.
Edward C. Bolden, an automobile body technician, was qualified as plaintiffs expert for the purpose of testifying as to the value of the vehicle. He testified that in estimating the value of the 1991 Lincoln Town Car, he used a 2000 National Automobile Dealer’s Association (NADA) book. Because the book did not list the value for a Lincoln Town Car prior to the 1993 model, Bolden took the loan value for the 1993 model of $5,450.00 and subtracted two years of estimated depreciation totaling $2,500.00. The loan value used assumed that the vehicle had moderate mileage, which Bolden testified to be anywhere from 12,000 to 14,000 miles per year. Bol-den testified that he then added some value back into the car on the basis of the new tires and starter which Carter had added to the vehicle and arrived at a value between $3,500.00 and $3,700.00 for the vehicle.
Lastly, the court heard from Dan Freeman, the owner and operator of Dan’s Auto Sales from whom Carter had purchased the vehicle. Freeman confirmed that he had sold the vehicle for $2,000.00, but he could not remember any specifics about the vehicle other than its white exterior color |4and its red leather interior. He testified that while he did not know the mileage on the vehicle, he believed the 43,128 miles reflected on the bill of sale to be inaccurate since he would not have sold the car for $2,000.00 if the mileage had been that low.
At the conclusion of the trial, the judge allowed the parties to file post-trial memo-randa and took the matter under advisement. On March 6, 2003, the trial court rendered and signed a judgment in favor of Carter awarding her $2,000.00 in damages and $850.00 attorney’s fees. The instant appeal followed. In three assignments of error, Safeway challenges the trial court’s finding of coverage under the policy and the awards of damages and attorney’s fees.
DISCUSSION

Assignment of Error Number 1

In its first assignment of error, Safeway argues that the trial court was manifestly erroneous in finding coverage under the policy because there is “ample evidence that forcible entry was not required to gain access to the automobile.” This assignment is without merit.
In reviewing the record in its entirety, we find no evidence, ample or otherwise, which indicates that forcible entry was not required to gain access to the automobile. Carter testified that when she parked the vehicle for the evening all the doors were locked and all the windows were closed. It is not reasonable to conclude that forcible entry was not required to gain access to the vehicle simply because of the lack of glass in the area where the vehicle had been parked or the officer’s failure to find any other vindication of forcible entry. The only inference that can be drawn from this testimony is that entry was gained in such a manner that left no visible evidence in the area where the car had been parked. *283 Officer Calloway even admitted that he had never examined the vehicle. Thus, we cannot conclude from his testimony that forcible entry was not required to gain access to the vehicle.
Safeway also points to the indisputable evidence that the driver’s side window was off its track. While the record confirms this assertion, we find this factor to be unremarkable. There was uncontradicted testimony that while the window was off its track it was also closed at the time that the theft occurred. While the defect in the window may have made it easier for the perpetrator to force open the window (assuming that is how the theft occurred), the fact remains that the perpetrator would have had to force the defective window down to gain access to the vehicle. We likewise find Carter’s admitted failure to inform Officer Calloway of the defective window to be unexceptional. Safeway does not indicate what salient inference it believes can be made from this oversight, and we make none ourselves.
After reviewing the entirety of the record, we find there is simply no evidence as to how the perpetrators gained access to the vehicle. The policy language clearly provides that the exclusion is applicable only if “evidence exists” that no “forcible entry was required to gain access to the vehicle.” Safeway has not identified any such evidence. The lack of evidence regarding the method of entry does not mean that no forcible entry was | firequired. Where liability coverage is provided to a particular insured and the insurer relies on a policy exclusion to defeat that coverage, the burden is on the insurer to plead and prove the exclusion. Bumgardner v. Terra Nova Ins. Co. Ltd., 35,615 (La.App.2d Cir.1/23/02), 806 So.2d 945. Safeway failed to meet its burden. Accordingly, we find no error in the trial court’s determination that the loss suffered by Carter was covered under the policy.

Assignment of Error Number 2

In its second assignment of error, Safeway asserts that the trial court erred in awarding $2,000.00 for Carter’s property damage based on its conclusion that the trial court assessed a $2,000.00 value to the vehicle but failed to subtract the $500.00 deductible from the award. On the record before us, we cannot conclude that the trial court’s judgment reflects any such error or that the trial court abused its discretion in determining the damage award.
The trier of fact is given great discretion in determining damage awards. The record must clearly show that the factfinder abused its discretion in making an award, before the award may be disturbed. Brown v. Williams, 36,863 (La.App.2d Cir.7/31/03), 850 So.2d 1116. An appellate court’s function is not to determine whether a different damage award may have been more appropriate, but whether the trial court’s award can be supported under the interpretation of the evidence most favorable to the plaintiff which reasonably could have been made by the trial court. Jackson v. A.L. & W. Moore Trucking, 609 So.2d 1064 (La.App. 2d Cir.1992).
17Safeway argues that the award of $2,000.00 indicates that the trial court disregarded the testimony of Bolden, who set the value of the vehicle at $3,500.00 to $3,700.00, and accepted the testimony of Freeman, who placed the value of the vehicle at the price he sold it to Carter, $2,000.00. Accordingly, Safeway argues that the award of $2,000.00 fails to take into account the $500.00 deductible. We first note that Safeway’s argument relies on a broad assumption as to how the trial court arrived at the damage award. Because the trial court did not give oral or *284 written reasons for its ruling, Safeway’s assumptions cannot be verified. We note that Safeway could have requested that the trial court issue written findings of fact and reasons for judgment under La. C.C.P. art.1917, but did not do so.
Nevertheless, Safeway’s argument lacks merit in that its assumptions are not the only justifiable inferences that the trial court could have drawn from the record, nor are they the justifiable inferences most favorable to the plaintiff. Bolden testified that his estimate of the blue book value of a 1991 Lincoln Town Car was $2,900.00. This figure was arrived at by taking the value of a 1993 Lincoln Town Car in fair condition ($5,450.00) out of the 2000 NADA handbook and then subtracting from it two years of depreciation estimated to be approximately $2,500.00 (or $1,250.00 per year). He then added some value back into the vehicle on the basis that it had brand new tires and a new starter to arrive at a value of $3,500.00 to $3,700.00. Therefore, he added $600.00 to $800.00 in value to the vehicle for improvements. On cross examination he admitted that perhaps he should have calculated an additional year of depreciation on the vehicle ^because he had used a 2000 NADA handbook to assess a value to a vehicle whose loss occurred in 2001. Assuming the trial court took this approach and subtracted another year’s depreciation ($1,250.00), the value of the vehicle per Bolden’s testimony would have been between $2,250.00 and $2,450.00. Given both Bolden’s and Freeman’s testimony as to the fact that the valuation of a used vehicle is not an exact science, we find no abuse of the trial court’s discretion in setting the damage award at $2,000.00.
We also note that the trial court could have accepted Dan Freeman’s testimony as to the value of the car being $2,000.00, the consideration he received when he sold the car to Carter three months prior to its loss. However, Freeman’s testimony clearly referred to the value of the car as he sold it. While Freeman was not asked how his valuation would be affected by Carter’s replacement of the tires and the starter, he did indicate that the worth of such a vehicle is largely dependent on its condition. Therefore, the trial court could have reasonably concluded that the value of the 1991 Lincoln Town Car was higher after Carter improved its condition by replacing the tires and starter. Since Bol-den had valued these improvements at anywhere between $600.00 and $800.00, the trial court would not have abused its discretion under this scenario in assessing the value of the car at $2,500.00, thus justifying an after-deductible damage award of $2,000.00. Accordingly, we find no error in the trial court’s award of $2,000.00 for the property damage suffered by Carter.
1 ^Assignment of Error Number 3
In its third and last assignment of error, Safeway complains that the trial court erred in awarding Carter $850.00 in attorney’s fees on the basis that its denial of coverage was made in good faith and that Carter had not presented satisfactory proof of loss. We find this assignment of error to be without merit.
While the trial court’s judgment does not state the statutory basis for the award of attorney’s fees, the record indicates that the award was made under the provisions of La. R.S. 22:658 which provides in pertinent part as follows[1]:
*285 A. (1) All insurers issuing any type of contract, other than those specified in R.S. 22:656, R.S. 22:657, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest.
[[Image here]]
B. (1) Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor, as provided in R.S. 22:658(A)(1), or within thirty days after written agreement or settlement as provided in R.S. 22:658(A)(2) when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of ten percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or to any of said employees, together with all reasonable attorney fees for the prosecution and collection of such loss, or in the event a partial payment or tender has been made, ten percent of the difference between the amount paid or tendered and the amount found to be due and all reasonable attorney fees for the prosecution and collection of such amount.
110Safeway’s claim that Carter failed to provide satisfactory proof of loss as required under La. R.S. 22:658 is disingenuous. The purpose of the “proof of loss” prerequisite for making such a claim is to make certain that an insurer has adequate knowledge of the loss suffered by the insured such that the insurer can properly adjust the claim. There are no formal requirements for the manner in which “proof of loss” is to be made and the manner in which the insured obtains the information is immaterial. Hershell Corp. v. Fireman’s Fund Ins. Co., 98-1352 (La.App. 3d Cir.6/2/99), 743 So.2d 698.
Carter testified that she informed Safeway of the loss the same day that the vehicle was discovered. In response, Safeway sent a representative to take a statement from Carter regarding her claim. The description of the make, model and year of the vehicle in the policy, plus the testimony that Safeway had taken pictures of the vehicle when the policy was issued, gave it sufficient evidence to make some form of adjustment for the total loss of the vehicle. Furthermore, the record is clear that Safeway has from the outset relied on the exclusion regarding “forcible entry” as the basis for not making a payment on the claim. It rings somewhat insincere to argue at this stage that payment was not made because of Carter’s failure to present satisfactory proof of loss.
We also decline to reverse the trial court on the basis of Safeway’s assertion that its failure to make payment within 30 days was not arbitrary and capricious. Safeway argues that it should not be penalized for relying on the coverage exclusion under the suspicious circumstances of the pres-entíase. Our review of the record, however, does not suggest any such suspicious circumstances. As discussed above, there is no evidence that forcible entry was not required to gain access to the vehicle. Nor is there any evidence that Carter had anything to do with the disappearance or the burning of the vehicle. While Safeway may be inclined to approach stolen vehicle cases with suspicion, the law recognizes no such prejudice. Safeway presented no evidence on which one could base a good faith belief that the cited exclusion was applicable, nor did it present any evidence that Carter was in any manner involved in the destruction of her vehicle. Absent any *286 such evidence, we find no error in the trial court’s award of attorney’s fees for Safeway’s failure to make payment to Carter within 30 days of receiving satisfactory proof of loss.
CONCLUSION
For the reasons set forth above, we affirm the judgment of the trial court finding coverage for the property damage suffered by Carter, awarding her $2,000.00 in damages and $850.00 in attorney’s fees. The costs of this appeal are assessed to Safeway.
AFFIRMED.

. During the 2003 Regular Session, the Louisiana Legislature passed Act No. 790 on June 27, 2003. This Act in part amends and reenacts R.S. 22:658(A)(4) and (B)(1). With regard to (B)(1), the Act increases the insurer penalty and deletes the provision for payment of attorney fees.