(137 So. 64)

RAPIDES GROCERY CO., Inc., et al. v. GRANT et al.

No. 31058.

March 2, 1931.

Hawthorn, Stafford & Pitts, of Alexandria, for appellants.

Overton & Hunter, of Alexandria, for appellees.

ODOM, J.

H. T. Cottam & Company, Inc., Fisk Tire Company, Woodward-Wight & Company, Limited, Proctor & Gamble Distributing Company, and the Pierce Oil Corporation have filed a motion to have this case remanded to the district court in order that a certain document, not found in the transcript as filed here, may be supplied.

These parties allege that they are creditors of R. H. Grant, Inc., defendant in the above-styled suit, and that they intervened therein, asserting their claims as such, but that it does not appear that their petition of intervention was actually filed.

They accompany their application with what is alleged to be a carbon copy of the original document and ask that the case be remanded in order that they may substitute said copy and file it nunc pro tunc. Under the exceptional circumstances disclosed, we see no reason why that should not be done.

It is clear enough that the petition of intervention was not in fact filed by the clerk. But the record shows that these parties were before the court as interveners and considered parties in the suit from 1923 down to the time the final appeal was taken to this court

on November 5, 1930, and it seems that it was not discovered by any one that the petition of intervention was not actually filed until the transcript was made up.

On September 18, 1923, the defendant R. H. Grant, Sr., et al., filed an exception of misjoinder and nonjoinder of parties "to plaintiffs' and intervenors' petitions," which exceptions were overruled. On the same day R. H. Grant, Sr., et al., filed an exception of no cause of action "to plaintiffs' and intervenors' petitions." This exception was sustained by the lower court and the case was appealed to this court and the judgment reversed. Rapides Grocery Co., Inc., et al. v. Grant et al., 165 La. 593, 115 So. 791.

Counsel for defendants in answer to the application to remand aver that no petition of intervention was in fact filed. But they say:

"2. Defendants and appellees further show that a carbon copy of the proposed petition of intervention was delivered to attorneys for defendants, and on the assumption that such petition of intervention had been filed, defendants' attorneys answered the same in error, which error was not discovered until the transcript of appeal was prepared in this cause; and that, therefore, defendants made answer to a petition and a demand that had never in fact been filed, or had any legal existence."

On March 22, 1929, defendants filed an answer to "the petition of intervention of H. T. Cottam & Company, Inc., and other intervenors herein filed."

On December 6, 1929, there was judgment in the district court reading in part as follows:

"Ordered, adjudged and decreed that all demands of plaintiffs and intervenors be and

are hereby rejected and disallowed at the costs of plaintiffs and intervenors."

On November 5, 1930, there was filed a joint application for a devolutive appeal by these parties, styling themselves "plaintiffs and intervenors in the above numbered and entitled cause."

Alleging that on December 6, 1929, the court rendered judgment "in favor of defendants and against the plaintiffs and intervenors," they pray that "petitioners, the original plaintiffs and intervenors," be granted a devolutive appeal. The petition is signed by "attorneys for petitioners, the original plaintiffs and various intervenors."

We find in the record an answer filed by the defendants captioned as follows:

"Now into court through their undersigned counsel come R. H. Grant, Sr., O. E. Grant and R. H. Grant, Jr., cited as parties defendant in the above numbered and entitled cause and for answer to the petition of intervention of H. T. Cottam & Company, Inc., and other intervenors herein filed, say * * * *"

With reference to this petition of intervention the clerk of the district court made and filed as part of the transcript the following certificate:

"State of Louisiana, Parish of Rapides.

"I hereby certify that, in the above numbered and entitled cause, an answer to intervention was filed and testimony was introduced in an attempt to sustain the claims of intervenors; that, after a careful search of all the records of this office, I am certain no petition of intervention was actually filed as there was no charge for an intervention on the ledger sheet, no docket entry of same, no minute entry of filing of same, and no intervention was recorded in the Judicial Record.

"Therefore, I conclude that an intervention

was undoubtedly prepared, as the answer thereto infers, but was never formally filed.

"For the reasons above given .in this certificate, it is impossible to include the petition of intervention."

This case does not fall under the well-established rule that the minutes of court may at any time be corrected so as to reflect the truth, and that parol testimony is permissible for such purpose. The facts are that the petition of intervention was not in fact filed and recorded. But whether it was ever handed to the clerk or deposited in his office for filing no one seems to know. There is no doubt, that counsel for interveners intended to file it. The record clearly shows that it was acted upon as though it had been filed. Its contents were known to counsel for defendants, who had a carbon copy from which they filed answer. Testimony was introduced in support of interveners' claims, and the court after hearing the evidence rejected their demands. The case of interveners was before the court the same as if the petition had been filed, the attorneys using the carbon copy. Certainly the rights of no one were in the least prejudiced on account of the failure to file the document.

We think under these exceptional circumstances interveners should be permitted to file as part of the transcript a copy of the petition of intervention.

It is therefore ordered that the case be remanded to the district court of Rapides parish, and that if counsel for interveners present to the clerk of that court a copy of the petition of intervention within thirty days from the day on which this transcript is received by him, he file the same nunc pro tunc and include a certified copy thereof as part of the transcript and forthwith return the same to this court.

OVERTON, J., recused.