McClendon, j.
 

 12A physician and his insurer appeal a trial court’s judgment ordering them to pay the entirety of the costs of a medical review panel. For the following reasons, we reverse the trial court’s judgment to the extent that it granted summary judgment in favor of claimants and found that they were not required to pay any of the panel’s costs, amend the declaratory judgment with regard to allocation of costs, and affirm as amended.
 

 FACTS AND PROCEDURAL HISTORY
 

 Monica Major and Cedric Allen (claimants) filed a complaint of malpractice against Dr. Leland Lenahan and Baton Rouge General Medical Center (BRG), alleging that they breached the applicable standard of care, resulting in the death of their mother, Julia Allen. A medical review panel convened, considered the complaint, and issued the following opinion, in pertinent part, with regard to each of the healthcare providers:
 

 BATON ROUGE GENERAL MEDICAL CENTER:
 

 There is a material issue of fact, not requiring expert opinion, bearing on liability for consideration by the Court. There is no documentation in the nurses’ notes that the patient received 40 milie-quivalent of potassium p.o.
 

 
 *129
 

 DR. LELAND LENAHAN:
 

 The evidence supports the conclusion that Dr. Lenahan failed to comply with the appropriate standard of care as charged in the Complaint. The panel was unable to render [an] expert opinion as to whether or not the conduct complained of was a factor in the resulting damages.
 

 Following the panel’s decision, the parties could not reach an agreement with regard to their respective responsibilities for the costs of the medical review panel.
 
 [1]
 

 Jeffery Calmes, the attorney chairperson of the review panel, filed a petition for declaratory judgment, seeking a judicial determination of the respective parties’ liabilities for costs of the panel. Claimants, in turn, filed a|smotion for summary judgment seeking a ruling that they were not liable for any of the costs of the medical review panel insofar as they did not prevail on the issue of causation.
 

 Following a hearing, the trial court granted summary judgment in favor of claimants. The trial court also ordered Dr. Lenahan and his insurer, Louisiana Medical Mutual Insurance Company (LAMMICO), to pay the panel’s costs as well as the cost of the declaratory judgment proceedings. Dr. Lenahan and LAMMICO have filed this appeal, contending that the trial court erred as a matter of law in assessing costs against it.
 

 DISCUSSION
 

 Louisiana Revised Statutes 40:1299.47(1) addresses payment of costs for medical review panel proceedings and provides, in pertinent part:
 

 (2) (a) The costs of the medical review panel shall be paid by the health care provider if the opinion of the medical review panel is in favor of said defendant health care provider.
 

 (b) The claimant shall pay the costs of the medical review panel if the opinion of the medical review panel is in favor of the claimant....
 

 (3) If the medical review panel decides that there is a material issue of fact bearing on liability for consideration by the court, the claimant and the health care provider shall split the costs of the medical review panel.... [Emphasis added.]
 

 Dr. Lenahan and LAMMICO submit that the panel’s finding that Dr. Lenahan “failed to comply with the appropriate standard of care” is a finding “in favor of the claimant[s],” and therefore claimants should bear all costs of the panel proceedings. Dr. Lenahan and LAMMICO urge that under LSA-R.S. 40:1299.47(G)(1), a panel’s finding is in favor of the claimants when “[t]he evidence supports the conclusion that the defendant or defendants failed to comply with the appropriate standard of care as charged in the complaint.”
 

 Dr. Lenahan and LAMMICO also urge that the trial court erred in requiring it to pay any portion of the fee with regard to the claims asserted against BRG. Dr. Lenahan and LAMMICO note that the panel found that “[t]here is a material issue of fact, not requiring expert opinion, bearing on [BRG’s] liability.” As such, |,,Dr. Lenahan and LAMMICO conclude that LSA-R.S. 40:1299.47(I)(3) requires BRG and claimants to split these costs.
 

 In opposition, claimants assert that the panel’s opinion would not be relevant to any party if it did not resolve the issue of
 
 *130
 
 liability and causation. Claimants assert that “in favor of’ in subsection “I” should be read
 
 in pari materia
 
 with LSA-R.S. 40:1299.47(G)(4), which provides:
 

 When paragraph (1) of this subsection is answered in the affirmative, that the conduct complained of was or was not a factor of the resultant damages ...
 

 Claimants aver that a finding of liability without concomitant causation was not a decision “in favor of the claimant” as required under Section 47(I)(2)(b).
 

 Claimants further contend that LSA-R.S. 40:1299.47 must be read in conjunction with the LSA-R.S. 9:2794, concerning the burden of proof in a malpractice action, to provide some statutory definition to determine in whose favor the decision was rendered. Claimants assert that LSA-R.S. 9:2794 requires that in the event liability is found of the part of the health care provider, it must be determined whether that liability caused any injury to the claimant. Because this determination was not made, claimants conclude that the decision was not “in favor of the claimant.”
 

 Under the general rules of statutory construction, courts begin their review with the premise that legislation is the solemn expression of the legislative will, and therefore, the interpretation of law primarily involves the search for the legislative intent.
 
 State Civil Serv. Comm’n v. Dep’t of Pub. Safety Dir.,
 
 2003-1702, p. 5 (La.4/14/04), 873 So.2d 636, 640. When a law is clear and unambiguous and its application will not lead to absurd consequences, it must be applied as written. LSA-C.C. art. 9. When the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole. LSA-C.C. art. 12.
 

 Although the parties invite this court to consider other portions of LSA-R.S. 40:1299.47 as well as LSA-R.S. 9:2794 concerning the burden of proof in a malpractice action, in order to define the meaning of “in favor of,” we find it | .¡unnecessary insofar as LSA-R.S.40:1299.47(I) is clear and unambiguous. In adopting the cost provision in LSA-R.S. 40:1299.47, it is evident that the legislature intended for the party in whose favor the opinion was rendered to pay the costs of the proceeding. LSA-R.S. 40:1299.47(I)(2)(a) and (b). However, if any issues of fact regarding liability precluded the medical review panel from rendering a decision in favor of the claimant or the health care provider, then the costs would be split equally between the parties. LSA-R.S. 40:1299.47(I)(3). Application of Louisiana Revised Statutes 40:1299.47(1) in such a manner does not lead to absurd consequences.
 

 With regard to the claims asserted against BRG, the panel found that “[t]here is a material issue of fact ... bearing on liability.” The panel’s finding tracks the language in LSA-R.S. 40:1299.47(I)(3), and clearly requires the costs associated with claimants’ claims against BRG to be split between the claimants and BRG. As such, the trial court erred as a matter of law in failing to assess claimants and BRG any costs in this regard. Louisiana Revised Statutes 40:1299.47(I)(3) mandates that half of the medical review panel’s costs be divided equally between the claimants and BRG.
 

 With regard to the claims against Dr. Lenahan, although the panel found that he breached the appropriate standard of care, it was unable to render an opinion as to whether the conduct was a factor in the resulting damages. In so ruling, the panel, while it did not track the language of LSA-R.S. 40:1299.47(1X3), in essence found that material issues of fact remained bearing on liability — i.e., whether Dr. Len-ahan’s breach of the applicable standard of
 
 *131
 
 care caused claimants’ damages. Accordingly, we find that the trial court erred as a matter of law in failing to assess claimants a portion of the costs with regard to its claims against Dr. Lenahan, and that LSA-R.S. 40:1299.47(1X8) requires that the costs for the remaining half of the panel proceedings be divided equally between the claimants and appellants, Dr. Lenahan and LAMMICO.
 

 Dr. Lenahan and LAMMICO also urge that they should not be required to pay the entire cost of the declaratory judgment proceedings. As a general rule, | ,jthe party cast in judgment is taxed with the costs of the proceedings. LSA-C.C.P. art. 1920. Presumably, the trial court assessed Dr. Lenahan and LAMMICO with all costs because it cast them in judgment; however, because the trial court’s ruling was in error, there is no basis under this general rule to order Dr. Lenahan and LAMMICO to pay all costs of the declaratory judgment proceedings. Moreover, we note that the trial court can assess costs in any equitable manner, and its assessment will not be reversed on appeal in the absence of an abuse of discretion. LSA-C.C.P. art. 1920 and
 
 State, Dept. of Transp. and Dev. v. Restructure Partners, LLC,
 
 07-1745, pp. 29-30 (La.App. 1 Cir. 3/26/08), 985 So.2d 212, 234,
 
 writ denied,
 
 08-1269 (La.9/19/08), 992 So.2d 937. Nevertheless, there is nothing in the record to support the trial court’s ruling assessing Dr. Lenahan and LAMMICO with the total costs of the declaratory judgment proceedings.
 

 For the foregoing reasons, we reverse the trial court’s judgment granting claimants’ motion for summary judgment, and we amend the declaratory judgment to assess claimants with 50% of the total costs of the medical review panel proceedings; appellants, Dr. Lenahan and LAM-MICO, with 25% of the total costs of the panel proceedings; and BRG with 25% of the total costs of the panel proceedings. We also reverse the trial court’s judgment to the extent it required appellants to pay all costs of the declaratory judgment proceeding. In light of the fact that BRG timely submitted its payment to the attorney chairperson, we amend the judgment to assess the costs of the declaratory judgment proceedings equally between the appellants, Dr. Lenahan and LAMMICO, and claimants. Costs of this appeal are to also be split between the appellants and claimants, with Dr. Lenahan and LAMMI-CO paying 50% and claimants paying 50%.
 

 GRANT OF MOTION FOR SUMMARY JUDGMENT REVERSED. DECLARATORY JUDGMENT AMENDED AND AFFIRMED AS AMENDED.
 

 DOWNING, J., concurs.
 

 [1]
 

 . BRG, however, issued payment for its shares of the attorney chairperson costs and for the full amount of the panel cost. The chairperson returned BRG's check for payment of the chairperson fees, but the physicians serving on the panel have retained their payments.