STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

PERCIVAL FRANKLIN

VERSUS

ENTERPRISE RENT-A-CAR

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 75768
HONORABLE JOHN E. CONERY, DISTRICT JUDGE

**********

**J. DAVID PAINTER**
**JUDGE**

**********

Court composed of Jimmie C. Peters, J. David Painter, and James T. Genovese, Judges.

**SUMMARY JUDGMENT AFFIRMED.**
**REMANDED FOR FURTHER PROCEEDINGS**
**AS TO CONTEMPT OF COURT.**

**Percival Franklin**
**P.O. Box 308**
**Baker, LA  70704**
**(225) 810-7490**
**PLAINTIFF:  IN PROPER PERSON**

**Azelie Ziegler Shelby**
**Sarah K. Lunn**
**Nicholas M. Graphia**
**Shelby Law Firm**
**3070 Teddy Drive**
**Baton Rouge, LA  70809**
**(225) 223-6961**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
        **Percival Franklin**
**William J. Hamlin**
**Avery Lea Griffin**
**Hamlin & Griffin, LLC**
**P.O. Box 5429**
**Abita Springs, LA  70420**

**(985) 246-6001**
**COUNSEL FOR DEFENDANT:**
    **Bridgestone Americas Tire Operations, LLC**

**Donna Powe Green**
**Green Law Firm, P.A.**
**32 Office Park Drive**
**Hattiesburg, MS  39404-7947**
**(601) 271-9031**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Enterprise Rent-A-Car**

**PAINTER, Judge.**

Percival Franklin, in proper person, brought suit against Enterprise Rent-A-Car and Bridgestone Americas Tire Operations, LLC. After she failed to timely respond to requests for admissions of fact propounded by EAN Holdings, LLC (EAN), the successor in interest to Enterprise Leasing Company of New Orleans and Enterprise Rent-A-Car, those requests were deemed admitted, and EAN filed a motion for summary judgment which was granted by the trial court. Franklin now appeals the judgment dismissing all of her claims against EAN with prejudice. EAN answered the appeal, seeking damages for frivolous appeal and seeking permission to enforce the judgment awarding them costs during the pendency of this appeal since Franklin did not file a suspensive appeal bond. EAN also sought to supplement the record and to file a supplemental answer to appeal. Both of these matters were referred to the merits of the appeal. For the following reasons, we affirm the trial court's grant of summary judgment in favor of EAN. We deny EAN's claim for damages for frivolous appeal but grant both EAN's motions to supplement the record and to file a supplemental answer.

## FACTS AND PROCEDURAL HISTORY

Percival Franklin rented a 2008 Kia Optima from Enterprise Leasing Company of New Orleans on September 10, 2008. She maintained possession of the vehicle until December 5, 2008, when she was involved in an accident on Interstate 10 near milepost 125 in St. Martin Parish, Louisiana. Franklin alleged that defects in the rear tire on the driver's side of her vehicle caused the accident. An attorney acting on Franklin's behalf viewed and photographed the vehicle in March of 2009.

On December 1, 2009, Franklin, in proper person, filed suit in the form of a single-sentence petition. Enterprise excepted on several grounds, and Franklin filed an amended petition, again in proper person, on March 30, 2010. In that amended petition, Franklin added Bridgestone as a defendant and added detailed claims against

Enterprise. The petition does not mention any rental agreement and makes no claims sounding in contract against Enterprise. Bridgestone has answered the petition and filed exceptions thereto. Franklin's claims against Bridgestone are not at issue in this appeal.

Enterprise propounded requests for admissions of fact, interrogatories, and requests for production of documents, as well as requests for medical authorizations, to Franklin on or about April 16, 2010. On April 28, 2010, there was a motion to enroll two attorneys as counsel of record for Franklin; however, these attorneys filed a motion to withdraw from this representation on May 24, 2010. The judgment allowing the withdrawal was not signed until May 26, 2011. However, it appears that all pleadings filed with the trial court on Franklin's behalf (except the motion to withdraw) were filed in proper person and not signed by any attorney.

The discovery requests went unanswered, and an order setting a motion to compel, motion to deem requests for admissions admitted, and for sanctions was signed on August 4, 2010. Following a hearing on September 9, 2010, where Franklin appeared pro se, the trial court signed a judgment recognizing that the requests for admissions of fact were deemed admitted and ordering Franklin to respond to outstanding interrogatories and requests for production within fifteen days. The trial court also ordered Franklin to pay sanctions in the amount of $500.00. On September 13, 2010, the trial court signed another judgment purporting to outline the facts which were deemed admitted and ordering Franklin to respond to outstanding discovery before noon on September 24, 2010. Otherwise, the September 13 judgment was the same as the September 9 judgment.

On September 24, 2010, Franklin attempted to request an extension of time to obtain an opinion from a tire expert; however, this attempt was not by formal pleading. EAN filed a pleading objecting to the request for extension of time. By order dated October 18, 2010, the trial court denied Franklin's request for extension of

time to obtain an expert opinion. The order did grant Franklin until October 29, 2010, to pay the $500.00 sanction. Then, on October 26, 2010, Franklin filed a formal request for extension of time to obtain an opinion from a tire expert. By order dated October 28, 2010, and signed by a duty judge, Franklin was given until December 22, 2010, to provide an opinion from a tire expert. EAN filed an immediate opposition. On November 18, 2010, EAN filed a motion for summary judgment, motion to clarify/reconsider October 28, 2010 order, and motion to assess fees, costs, and expenses. By this time, Franklin had provided some responses to discovery. These answers were introduced in support of the motion for summary judgment.

On November 21, 2010, Franklin sought to have an inspection of the vehicle the next day. EAN alleges that the request could not be accommodated upon such short notice. Franklin filed a motion for full vehicle access and extension of time for visual inspection. EAN objected.

Attempts to serve Franklin with the motion for summary judgment, motion to clarify/reconsider October 28, 2010 order, and motion to assess fees, costs, and expenses were unsuccessful, and EAN was required to appoint a private process server. Franklin was ultimately served, and the matter was set for hearing on February 11, 2011. Franklin did file an opposition, including her own affidavit. EAN alleged that the opposition was untimely and that Franklin's affidavit and attachments were unauthenticated and constituted inadmissible hearsay.

The matter was continued due to an illness alleged by Franklin. The summary judgment was finally heard on March 18, 2011. The trial court ordered the following things to be stricken: Franklin's affidavit; the affidavit of Kenneth Lee; photocopies of photographs; correspondence from Franklin's previous counsel; the accident report; internet research article from ArticleSantch.com; pages from a blog entitled "Enterprise Rent-A-Car is Failing Enterprise!"; unidentified "maintenance" manual pages; MapQuest-type directions; a hotel bill; and vehicle bid forms. The trial court

then granted the summary judgment in favor EAN dismissing all claims against it with prejudice. The trial court also vacated its October 28, 2010 order granting Franklin additional time to provide an expert opinion. Franklin's rights to proceed against Bridgestone were expressly reserved, and it was also expressly stated that the judgment did not preclude Franklin and Bridgestone from engaging in further discovery. Franklin was cast with all court costs.

Franklin filed a petition for suspensive appeal. She mentioned several different judgments in the petition, but states that she "desires and hereby suspensive appeal [sic] this court's March 18, 2011, judgment, which granted the Judgment filed by Defendant, Enterprise-Rent-a-Car, Etal. [sic]" Franklin was billed for costs of appeal. On July 25, 2011, EAN filed a motion to dismiss appeal based on Franklin's failure to pay costs. On October 21, 2011, the trial court signed an order to the effect that $4,300.00 paid by Franklin and being held by the Clerk of Court be credited to the outstanding appeal costs rather than to the outstanding court costs.

Apparently, Franklin obtained counsel, who have filed a brief to this court on her behalf and who have opposed EAN's motion to supplement the record on appeal. However, it is unclear whether these attorneys are still representing Franklin as she has filed, in proper person, an opposition to EAN's motion to file a supplemental answer.

## DISCUSSION

*Motion to Supplement Record*

We first consider EAN's motion to supplement the record. EAN seeks to have pages Bates stamped 817 through 836, consisting of Franklin's "Opposition to Proposed Finding [sic] Facts and Law Conclusions As To Enterprise's Sanction and Compel Motions," added to the record in this case. Franklin, through counsel, objected to the supplementation of the record on the basis that it is new evidence that was not considered in the court below. We deny the motion to supplement because

4

these documents were not part of the record below, and it is not appropriate to order the record supplemented with documents that have never been offered, introduced, or admitted into evidence. *See Estate of Nicks v. Patient's Comp. Fund Oversight Bd*., 05-1624 (La.App. 1 Cir. 6/21/06), 939 So.2d 391; *Williams Law Firm v. Bd. of Sup'rs of La. State Univ.*, 03-79 (La.App. 1 Cir. 4/2/04), 878 So.2d 557.

<u>Summary Judgment</u>

A motion for summary judgment must be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). "Generally, the party bringing the motion bears the burden of proof; however, where the moving party will not bear the burden of proof at trial, it is not necessary to refute every element of the claim." *Skulich v. Fuller*, 46,733, p. 3 (La.App. 2 Cir. 12/14/11) 82 So.3d 467, 470. Then, the mover is only required to show "an absence of factual support for one or more elements essential to the adverse party's claim." La.Code Civ.P. art. 966(C)(2). Thereafter, the burden shifts, and the adverse party must produce factual support sufficient to show that he will be able to meet his evidentiary burden of proof at trial. *Skulich*, 82 So.3d 467 (citing La.Code Civ.P. art. 966(C)(2)).

Furthermore, La.Code Civ.P. art. 967(B) provides that when a motion for summary judgment is made and supported by competent evidence, "an adverse party may not rest on the mere allegations or denials of his pleading." We review summary judgments de novo, using the same criteria that govern the trial court's consideration of whether or not summary judgment is appropriate. *Sensebe v. Canal Indem. Co*., 10-703 (La. 1/28/11), 58 So.3d 441.

On de novo review, we find that EAN adequately supported its motion for summary judgment. The facts deemed admitted establish that Franklin had no evidence of a defect in the tire, that there is no evidence that Enterprise knew or

should have known of any defect at the time of rental, and that Franklin had no expert testimony. With that showing, the burden shifted to Franklin to produce factual support sufficient to establish that she would be able to satisfy her evidentiary burden of proof at trial. La. Code Civ.P. art. 967(C)(2).

We find that Franklin failed to satisfy that burden. Franklin failed to respond to outstanding discovery. This led to the requests for admissions of fact being deemed admitted and prohibited her from producing evidence to support her allegations of liability on the part of EAN. The propriety of the judgments that set forth that the requests for admissions of fact were deemed admitted is not before this court. We agree with EAN that any objection to these judgments by Franklin are untimely.

"There is no absolute right to delay action on a motion for summary judgment until discovery is completed." *Simoneaux v. E.I. du Pont de Nemours and Co., Inc.*, 483 So.2d 908, 912 (La.1986). "The only requirement is that the parties be given a fair opportunity to present their claim." *Id.* at 913. Here Franklin was compelled to answer outstanding discovery, and she was given several opportunities to obtain expert testimony to support her claim. She failed to comply with discovery orders. Consequently, Franklin's showing was inadequate to defeat a properly supported motion for summary judgment, and we find that the trial court's grant of summary judgment in favor of EAN was correct.

*Answer to Appeal and Motion to File Supplemental Answer to Appeal*

We must now consider EAN's answer to appeal and motion to file supplemental answer to appeal. We grant EAN's motion to file its supplemental answer to appeal.

Louisiana Code of Civil Procedure Article 2164 provides:

> The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages, including attorney fees, for frivolous appeal or application for writs, and may tax the costs of the lower or appellate court, or any part thereof,

against any party to the suit, as in its judgment may be considered equitable.

In *Broussard v. Union Pac. Res. Co.*, 00-1079, pp. 9-10 (La.App. 3 Cir. 1/31/01), 778 So.2d 1199, 1205, *writ denied*, 01-589 (La. 4/27/01), 791 So.2d 118, this court stated:

> Lack of merit to an appeal does not necessarily mean that the appeal is frivolous. *Hershell Corp. v. Fireman's Fund Ins. Co.*, 98-1352 La.App. 3 Cir. 6/2/99); 743 So.2d 698. "Appeals are always favored and, unless the appeal is unquestionably frivolous, damages will not be allowed." *Hampton v. Greenfield*, 618 So.2d 859, 862 (La.1993). "Damages for frivolous appeal are only allowed when 'it is obvious that the appeal was taken solely for delay or that counsel is not sincere in the view of the law he advocates even though the court is of the opinion that such view is not meritorious.'" *Id.* (*quoting Parker v. Interstate Life & Accident Ins. Co.*, 248 La. 449, 179 So.2d 634, 636-37 (1965)).

We do not find this to be the case with Franklin's appeal, and we will not award any damages for frivolous appeal.

EAN also seeks to enforce upon the judgment granting it costs on the grounds that the appeal should not be treated as suspensive since Franklin did not file a suspensive appeal bond. "In ordinary proceedings, a failure to pay a suspensive appeal bond is not generally considered grounds for dismissal because the appeal is simply converted to a devolutive appeal when the appeal bond is not timely paid." *Franco v. Franco*, 04-967, p. 13 (La.App. 4 Cir. 7/28/04), 881 So.2d 131, 139 (citing *Lakewind East Apartments v. Poree'*, 629 So.2d 422 (La.App. 4 Cir. 1993)). Thus, we agree with EAN that they can enforce the judgment against Franklin for all court costs.

We next consider EAN's argument that the trial court erred in denying its motion for sanctions which was filed February 11, 2011, relative to alleged violations of La.Code Civ.P. arts. 863 and 864. The trial court refused to order sanctions against this pro se litigant even though it felt that defending the case was made more expensive and more difficult because of Franklin's actions and inactions. The trial court did order Franklin to pay $500.00 in attorney fees as well as payment of court

7

costs. The trial court signed written reasons for this ruling on April 13, 2010. However, these reasons were not filed in the record until April 14, 2011.

The trial court has discretion to sanction under La. Code Civ.P. art. 863; however, its factual findings regarding its decision not to award sanctions is reviewed under the manifest error/clearly wrong standard. *Unkel v. Unkel*, 29,728 (La.App. 2 Cir. 8/20/97), 699 So.2d 472 (citing *Diesel Driving Academy, Inc. v. Ferrier*, 563 So.2d 898 (La.App. 2 Cir. 1990)). We find no abuse of discretion.

Finally, we consider EAN's argument that Franklin should be found to be in direct contempt of court as defined by La.Code Civ.P. art. 222. It appears that no proceedings were held regarding the alleged contempt of court. The trial court did note that "the facts may support a finding of contempt of Court for failing to provide the Court and Enterprise with a proper address after being ordered to do so in Court" and that "the Court did not have 'personal knowledge' that the address provided was incorrect." No trial is necessary to adjudicate a person guilty of direct contempt; however, the person must be given "an opportunity to be heard orally by way of defense or mitigation." La.Code Civ.P. art. 223. We find that a remand is necessary regarding EAN's allegations of contempt on the part of Franklin since no proceedings were held in the trial court in this respect and because Franklin is entitled to the opportunity to be heard "by way of defense or mitigation."

**DECREE**

For the reasons expressed, summary judgment in favor of EAN is affirmed. All costs of this appeal are assessed to Plaintiff, Percival Franklin. The matter is remanded to the trial court for further proceedings regarding contempt of court.

**SUMMARY JUDGMENT AFFIRMED. REMANDED FOR FURTHER PROCEEDINGS REGARDING CONTEMPT OF COURT.**

8