# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 12-1409

**GARY PICKETT**

**VERSUS**

**J. B. TUCK LAND CLEARING**

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 3
PARISH OF CALCASIEU, NO. 10-07575
SAM L. LOWERY, WORKERS' COMPENSATION JUDGE

**********

### MARC T. AMY
### JUDGE

**********

Court composed of John D. Saunders, Jimmie C. Peters, and Marc T. Amy, Judges.

### REVERSED IN PART AND AFFIRMED IN PART. MOTION TO SUPPLEMENT THE RECORD DENIED.

**R. Scott Iles**
**Post Office Box 3385**
**Lafayette, LA   70502**
**(337) 234-8800**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **Gary Pickett**

**Michael D. Bass**
**Guglielmo, Lopez, Tuttle, Hunter & Jarrel, LLP**
**Post Office Drawer 1329**
**Opelousas, LA   70571-1329**
**(337) 948-8201**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
     **J. B. Tuck Land Clearing**
     **Bridgefield Casualty Insurance Company**

**AMY, Judge.**

In this workers' compensation matter, the claimant alleged that the defendants failed to timely pay his first week's indemnity benefits and failed to timely reimburse him for medical expenses. The claimant sought penalties and attorney fees in connection with these allegations. The defendants filed an exception of res judicata with regard to the claim for failure to timely pay the claimant his first week's indemnity benefits. The workers' compensation judge rejected the defendants' exception of res judicata and found in the claimant's favor on the merits, awarding penalties and attorney fees for both claims. The defendants appeal and have additionally filed a motion to supplement the record. Further, the claimant answers the appeal, seeking additional attorney fees. For the following reasons, we affirm the judgment of the workers' compensation judge in part and reverse in part. We deny both the defendants' motion to supplement the record and the claimant's request for additional attorney fees.

## Factual and Procedural Background

According to the record, there is little dispute that the claimant, Gary Pickett, was injured in a work-related accident in 2006. At that time, Mr. Pickett was employed by the defendant, J.B. Tuck Land Clearing.[1] In 2009, Mr. Pickett filed a disputed claim for compensation. The record indicates that the parties negotiated a settlement to that claim. Thereafter, Mr. Pickett filed a motion to enforce the settlement and was awarded additional penalties and attorney fees by the workers' compensation judge.

---

[1] The defendant is also referred to as simply "J.B. Tuck" in the disputed claim for compensation.

Mr. Pickett subsequently filed this disputed claim for compensation, alleging that the insurer failed to timely pay the first week of indemnity benefits and that the insurer failed to timely reimburse him for medical expenses, specifically, a prescription for Lortab. Mr. Pickett requested penalties and attorney fees. In response, the defendants filed exceptions of res judicata and no cause of action. The basis for the defendants' exception of no cause of action was that Mr. Pickett had erroneously named the third-party administrator, Summit Claims Center,[2] as a defendant. That exception was resolved by stipulated judgment and the insurer, Bridgefield Casualty Insurance Company, was substituted as a defendant. The exception of res judicata was directed at Mr. Pickett's claim that the insurer failed to timely pay the first week of indemnity benefits. After several hearings, the workers' compensation judge deferred ruling on the exception of res judicata to the trial on the merits.

The workers' compensation judge ultimately denied the defendants' exception of res judicata. On the merits, the workers' compensation judge concluded that it failed to timely pay the first week of indemnity benefits and that the insurer failed to timely reimburse Mr. Pickett for his Lortab prescription. Accordingly, the workers' compensation judge awarded Mr. Pickett $2,000.00 in penalties for the failure to timely pay the first week of indemnity benefits, $150.00 in penalties for the failure to timely reimburse Mr. Pickett for his prescriptions, and $16,250.00 in attorney fees.

The defendants appeal, asserting as error that:

> 1. The trial court committed legal error in failing to grant defendants/appellants' exception of *res judicata*.

---

[2] Summit is also referred to as "Summitt Claims Center" and "Heritage Summit" in the record.

2. Alternatively, the trial court committed manifest error in awarding Gary Pickett penalties and attorney's fees based on the late payment of his first week of indemnity benefits.

3. The trial court committed manifest error in finding that defendants/appellants failed to timely reimburse Mr. Pickett for his prescription medication or, alternatively, committed manifest error in not finding that the late reimbursement resulted from conditions over which the employer or insurer had no control.

4. The trial court committed manifest error in awarding Gary Pickett penalties and attorney's fees based on the alleged late reimbursement of his prescription medication.

5. Alternatively, the trial court erred in awarding Mr. Pickett and/or his counsel attorney's fees for attending mediations, for drafting, filing and defending a motion for summary judgment that was clearly improper and for prosecuting a claim that was clearly barred by *res judicata*.

Mr. Pickett has styled his appellate brief as "Original Brief on Behalf of Gary Pickett, Plaintiff – Appellee, and In Support of Answer to Appeal." No separate answer to the appeal is contained in the record. In his brief, Mr. Pickett requests additional attorney fees for work done on appeal.

Further, the defendants have filed a motion to supplement the record, seeking to have the disputed claim for compensation from Mr. Pickett's earlier case included in the appellate record.

## Discussion

*Res Judicata and Untimely Payment of Indemnity Benefits*

Several of the defendants' assignments of error concern Mr. Pickett's claim that the defendants failed to pay his first week of indemnity benefits timely. Pursuant to La.R.S. 23:1224, "[n]o compensation shall be paid for the first week after the injury is received; provided, that in cases where disability from injury continues for six weeks or longer after date of the accident, compensation for the

first week shall be paid after the first six weeks have elapsed."[3] According to the record, the defendants did not pay Mr. Pickett his first week of indemnity benefits, also known as the "waiting week," for more than three and a half years.

The defendants do not contest that this payment was untimely. The defendants' main argument is that Mr. Pickett's prior disputed claim is res judicata as to his current claim. More specifically, the defendants contend that "Mr. Pickett had already asserted and indeed prevailed on the same claim for penalties and attorney's fees in his earlier case." The defendants also argue that, even if the claims were not identical, Mr. Pickett could have and should have brought his claim regarding failure to pay the first week of indemnity benefits timely in the earlier case.

Mr. Pickett contends that the issue concerning payment of his first week of indemnity benefits arose after the judgment in his earlier case, as he was unaware that he had not been paid his first week of indemnity benefits until the insurer issued a check for those benefits. Further, Mr. Pickett argues that the issue cannot be precluded because the workers' compensation judge did not address it in the earlier case.

Louisiana Revised Statutes 13:4231 addresses the doctrine of res judicata, stating:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.

---

[3] Louisiana Revised Statutes 23:1224 was amended by 2012 La. Acts No. 860, effective August 1, 2012, to change the waiting period from six weeks to two weeks.

(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

When doubt exists as to whether a party's substantive rights have actually been previously addressed and finally resolved, an assertion of res judicata should be rejected. *Lee v. Twin Bros. Marine Corp.*, 03-2034 (La.App. 1 Cir. 9/17/04), 897 So.2d 35. Further, when the exception of res judicata is raised prior to the case being submitted and both parties submit evidence, the trial court's ruling on the exception is subject to the manifest error standard of review. *Daigle v. Merrill Lynch*, 11-965 (La.App. 3 Cir. 2/8/12), 85 So.3d 168, *writ denied*, 12-523 (La. 4/13/12), 85 So.3d 1253. The burden of proof rests with the mover. *Id.* Identification of those issues which were actually litigated is determined not only from the pleadings, but from examining the entire record in the first suit. *Lee*, 897 So.2d 35. Failure to introduce such documentary evidence into the record can prevent the moving party from meeting their burden of proof. *Brielle's Florist & Gifts, Inc. v. Trans Tech, Inc.*, 11-260 (La.App. 3 Cir. 10/5/11), 74 So.3d 833 (citing *Union Planters Bank v. Commercial Capital Holding Corp.*, 04-871 (La.App. 1 Cir. 3/24/05), 907 So.2d 129).

According to the record, the defendants submitted documents into evidence on the issue of res judicata. Further, the record indicates that Mr. Pickett was given an opportunity to introduce evidence into the record to controvert the defendants' assertions but chose not to do so. Accordingly, we still apply the

5

manifest error standard of review to the workers' compensation judge's ruling on the exception of res judicata. *See Fogleman v. Meaux Surface Protection, Inc.*, 10-1210 (La.App. 3 Cir. 3/9/11), 58 So.3d 1057, *writ denied*, 11-712 (La. 5/27/11), 63 So.3d 995.

In rejecting the defendants' exception of res judicata, the workers' compensation judge found that:

> The governing statute, La.R.S. 13:4213, allows for the barring of a claim only if it arises out of what the statute refers to as, quote, "the same issue", end of quote, previously before this court. The ruling of this court in ordering that the 2009 compromised settlement be enforced dealt exclusively with specifically listed issues and none of those were in any fashion related to the late indemnity payments. That subject was never mentioned, much less litigated.

Although the defendants asserted that Mr. Pickett's earlier case sought adjudication of "medical treatment, wage benefits, penalties and attorney's fees," they failed to file the record of the earlier case into evidence.[4] In *Denoux v. Vessel Management Services, Inc.*, 07-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88 (citations omitted), the supreme court discussed an appellate court's ability to consider evidence not formally filed into the record, stating:

> Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal.
>
> Appellate courts are courts of record and may not review evidence that is not in the appellate record, or receive new evidence.

In addition, "the courts of appeal have no authority to consider facts, memoranda or exhibits referred to in the appellate briefs if they are not in the appellate record."

---

[4] The defendants have filed a motion to supplement the appellate record to include Mr. Pickett's earlier disputed claim for compensation. That motion will be addressed elsewhere in this opinion.

*Brielle's Florist*, 74 So.3d at 836 (citing *Jones v. Jones*, 09-757 (La.App. 5 Cir. 12/29/09), 30 So.3d 127).

Our review of the record indicates that, although the defendants did not file the entire record of Mr. Pickett's earlier disputed claim for compensation into evidence, they did enter into evidence the judgment on Mr. Pickett's "Motion to Enforce Settlement and for Penalties and Attorney's Fees" from docket number 09-04278. That document states that "the initial agreed upon settlement is hereby enforced." However, it does not expound upon the issues considered in that settlement. Our review of the record does not reveal any other *evidence* concerning Mr. Pickett's prior disputed claim for compensation. Thus, we find that the record does not contain enough evidence such that the defendants could meet their burden of proof with regard to the exception of res judicata. Accordingly, we find no error in the workers' compensation judge's denial of the exception of res judicata.

In addition to their res judicata argument, the defendants contend that the workers' compensation judge erred in awarding penalties for failure to timely pay Mr. Pickett his first week of indemnity benefits. The workers' compensation judge's decision to impose penalties is subject to the manifest error—clearly wrong standard of review. *Cobb v. Lafayette Parish Sch. Bd.*, 10-430 (La.App. 3 Cir. 11/3/10), 49 So.3d 597 (citing *Authement v. Shappert Eng'g*, 02-1631 (La. 2/25/03), 840 So.2d 1181), *writ denied*, 10-2692 (La. 1/28/11), 56 So.3d 958). The defendants paid Mr. Pickett his first week of indemnity benefits more than three and a half years late. The defendants failed to offer any kind of explanation for why the payment was untimely. Accordingly, we find no error in the workers' compensation judge's award of penalties with regard to this claim.

The defendants' assignments of error with regard to these issues are without merit.

*Untimely Reimbursement for Medical Expenses*

The defendants also object to the workers' compensation judge's finding that the defendants failed to timely reimburse Mr. Pickett for his prescription for Lortab. Alternatively, the defendants argue that any untimeliness was due to conditions beyond their control.

Pursuant to La.R.S. 23:1201(E), "[m]edical benefits payable under this Chapter shall be paid within sixty days after the employer or insurer receives written notice thereof." Further, La.R.S. 23:1201(F) provides that failure to provide payment as required by La.R.S. 23:1201(E):

> shall result in the assessment of a penalty in an amount up to the greater of twelve percent of any unpaid compensation or medical benefits, or fifty dollars per calendar day for each day in which any and all compensation or medical benefits remain unpaid or such consent is withheld, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim.

However, no penalties shall be assessed "if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control." La.R.S. 23:1201(F)(2). The workers' compensation judge's determination of whether a defendant is subject to penalties and attorney fees, including the determination of whether the required notice has been given is a question of fact subject to the manifest error—clearly wrong standard of review. *Semere v. Our Lady of Lourdes Hosp.*, 03-1702 (La.App. 3 Cir. 6/9/04), 875 So.2d 1048.

The defendants concede in their appellate brief that "Mr. Pickett was not reimbursed until 63 days after he purchased the Lortab." However, the defendants' argument is that Mr. Pickett did not meet his burden of proof with regard to when he provided the defendants with written notice of the reimbursement owed. The defendants' argument is twofold. First, the defendants contend that Mr. Pickett did not establish the date that the defendants received notice that he was seeking reimbursement at all for prescription medication. Second, the defendants contend that the claim was reasonably controverted because they were not apprised that Mr. Pickett was seeking reimbursement for Lortab, and not some other medication, until a later date.

In his reasons for ruling, the workers' compensation judge found that "[Mr. Pickett] testified that he sent the receipt for reimbursement on June 30th, 2010 and the defendant issued a check dated August 4th, 2010."

According to the record, Mr. Pickett received two prescriptions from Dr. Michael Dole. One of those prescriptions was for Lortab. Mr. Pickett testified that he went to Walmart to fill those prescriptions, and that normally "comp pa[id] for it." However, on that occasion, one of his prescriptions was approved, but his prescription for Lortab was not approved. Thus, Mr. Pickett paid for that prescription out of pocket. Mr. Pickett testified as follows:

> [Mr. Iles, claimant's attorney]: And did you send that receipt to the insurance company for reimbursement?
>
> [Mr. Pickett]: Yes, sir.
>
> [Mr. Iles]: Was it more than 60 days, before they reimbursed you?
>
> [Mr. Pickett]: Yeah, I think it was.
>
> [Mr. Iles]: Okay.

[Mr. Pickett]: It was a pretty good while.

Later in the hearing, Mr. Pickett testified that:

> This thing for Lortab, I – I went in here awhile back with a prescription, and they wouldn't pay for it, and I paid out-of-pocket; and then, I went back the next day for something – anyway – anyway, they give me my money back. They okayed it, after I done paid for it, but Wal-mart give me my money back on it.

A copy of the receipt, dated June 2, 2010, was submitted into evidence. Mr. Pickett also submitted a copy of the stub for his reimbursement check into evidence. The stub does not indicate the date when the check was drafted.[5] In the transcript of the trial on the merits, Mr. Pickett's attorney refers to a "cover letter" that shows "it was the Lortab that was not approved," and the defendant's attorney refers to "a certified record from Wal-Mart, and it shows hydrocodone on that date" and Mr. Pickett's affidavit, which was attached to the Motion for Summary Judgment. None of these documents were entered into evidence.

Although the rules for the admissibility of evidence are relaxed in workers' compensation hearings, there must still be competent evidence in the record to support the workers' compensation judge's findings. *Journet v. Greene's Energy Group*, 09-347 (La.App. 3 Cir. 10/7/09), 20 So.3d 1195 (quoting *Chaisson v. Cajun Bag & Supply Co.*, 97-1225 (La. 3/4/98), 708 So.2d 375). As already discussed, this court may not consider documents which were not submitted into evidence. *Brielle's Florist*, 74 So.3d 833; *see also Reese v. Dresser Valve Indus.*,

---

[5] In contrast, in support of his claim that the "waiting week" was paid untimely, Mr. Pickett submitted into evidence a copy of both the check stub and the check for his first week of indemnity benefits. That check is dated June 23, 2010.

We note that the record also contains Mr. Pickett's Motion for Summary Judgment. Attached to that motion is a copy of both the check stub *and* the check reimbursing him for his prescription purchase. The date of that check is August 4, 2010. However, our review of the record does not reveal that the documents attached to Mr. Pickett's Motion for Summary Judgment were entered into evidence. "Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record." *Brielle's Florist*, 74 So.3d at 836.

10-241 (La.App. 3 Cir. 10/6/10), 48 So.3d 406; *Jackson v. United Servs. Auto. Ass'n. Cas. Ins. Co.*, 08-333 (La.App. 5 Cir. 10/28/08), 1 So.3d 512.

Based on the evidence in the record before us, we find that the workers' compensation judge erred in finding Mr. Pickett had met his burden of proof. Our review of the record reveals that sufficient competent evidence was not submitted into the record to support the workers' compensation judge's finding, most notably that Mr. Pickett did not state when he sent the receipt in for reimbursement and there was no evidence in the record concerning when the defendants issued a reimbursement check. We also note that the documents submitted into evidence do not contain the date that the check was mailed to Mr. Pickett. Mr. Pickett could not state with any certainty that more than sixty days had passed between when he sent the receipt for Lortab to the defendants and when he was reimbursed. Although the defendants concede in their appellate brief that more than sixty days passed between when Mr. Pickett *purchased* the medication and when they issued the reimbursement check, they do not concede that more than sixty days passed between when they received *written notification* of the request for reimbursement and when they issued the reimbursement check.

Accordingly, we reverse the workers' compensation judge's award of penalties for failure to timely reimburse Mr. Pickett.

*Award of Attorney Fees*

The defendants next complain that the workers' compensation judge erred in awarding Mr. Pickett $16,250.00 in attorney fees. The defendants contend that the award is precluded pursuant to La.R.S. 23:1201(J) and that the workers' compensation judge should not have awarded attorney fees "for attending mediations, for drafting, filing and defending a motion for summary judgment that

11

was clearly improper and for prosecuting a claim that was clearly barred by *res judicata*."

The supreme court addressed the award of attorney fees in *McCarroll v. Airport Shuttle, Inc.*, 00-1123, pp. 9-10 (La. 11/28/00), 773 So.2d 694, 700 (footnote omitted), stating:

> The only limitation on the amount is the reasonableness of the fee awarded by the judge. [*Cain v. Employers Cas. Co.*, 110 So.2d 108 (La.1959)]. The amount awarded rests within the discretion of the workers' compensation judge, as long as that amount is supported by the record. Some of the factors taken into account by the judge in fixing the amount of the fee are the degree of skill and ability exercised by the attorney, the amount of the claim, the amount recovered for the employee, and the amount of time the attorney devoted to the case. [14 H. Alston Johnson, III, Louisiana Civil Law Treatise: Workers' Compensation Law & Practice § 389 (3rd ed.1994)]. The amount awarded is intended to provide full recovery, without statutory limitation, for attorney's services and expenses in connection with the litigation.

An award of penalties and attorney fees in a workers' compensation case is essentially penal in nature. *Normand v. Dresser Indus., Inc.*, 11-522 (La.App. 3 Cir. 11/9/11), 79 So.3d 448. Thus, although the Workers' Compensation Act is to be liberally construed with regard to benefits, statutes addressing penalties are to be strictly construed. *Id.*

Louisiana Revised Statutes 23:1201(J) provides that:

> Notwithstanding the fact that more than one violation in this Section which provides for an award of attorney fees may be applicable, only one reasonable attorney fee may be awarded against the employer or insurer in connection with any hearing on the merits of any disputed claim filed pursuant to this Section, and an award of such single attorney fee shall be res judicata as to any and all conduct for which penalties may be imposed under this Section which precedes the date of the hearing.

We find no merit to the defendants' argument with regard to the applicability of La.R.S. 23:1201(J). As previously discussed, the workers'

12

compensation judge did not err in denying the defendants' exception of res judicata. Accordingly, Mr. Pickett's previous disputed claim for compensation does not preclude an award of attorney fees in his present case.

Further, we have reviewed the documentation submitted by Mr. Pickett's attorney in seeking attorney fees. Mr. Pickett's attorney listed multiple actions which required his time and expertise over the course of two years of litigation, including drafting briefs, and attending mediations, multiple hearings, and the trial on the merits. We observe that although Mr. Pickett's attorney sought $20,000.00 in attorney fees, the workers' compensation judge determined that $16,250.00 was a more reasonable amount. Given our review of the record, we find no abuse of the workers' compensation judge's exercise of discretion. *See Ivory v. Sw. Dev. Ctr.*, 07-1201 (La.App. 3 Cir. 3/5/08), 980 So.2d 108; *Semere*, 875 So.2d 1048.

The defendants' assignments of error with regard to attorney fees are without merit.

*Answer to Appeal*

As part of his appellate brief, Mr. Pickett has answered the appeal, seeking additional attorney fees for work done on appeal. However, Mr. Pickett's answer was untimely, as it was filed more than a month after the deadline for filing an answer to the appeal had passed. *See* La.Code Civ.P. art. 2133. We also note that filing a brief does not satisfy Article 2133's requirements. *TTV, L.L.C. v. Simmons*, 10-1163 (La.App. 3 Cir. 3/9/11), 58 So.3d 684, *writ denied*, 11-1048 (La. 6/24/11), 64 So.3d 222. Therefore, we do not further consider Mr. Pickett's answer.

*Motion to Supplement the Record*

The defendants have filed a motion to supplement the record, seeking to include Mr. Pickett's disputed claim for compensation filed in docket number 09-04278 into the record on appeal. Citing *Rapides Grocery Co., Inc. v. Grant*, 137 So. 64 (La.1931), the defendants contend that under certain circumstances it is permissible to supplement the record with a pleading that was not filed into evidence in the trial court. The defendants' motion was referred for consideration with the merits of the appeal.

Louisiana Code of Civil Procedure Article 2132 provides, in relevant part, that:

> A record on appeal which is incorrect or contains misstatements, irregularities or informalities, or which omits a material part of the trial record, may be corrected even after the record is transmitted to the appellate court, by the parties by stipulation, by the trial court or by the order of the appellate court.

The defendants' motion does not address any of the circumstances delineated in Article 2132. Instead, it seeks to introduce evidence which was not before the workers' compensation judge in support of its arguments on appeal. As previously discussed, the appellate court may not consider evidence not in the record before the trial court and may not receive new evidence. *Brown v. State*, 06-709 (La.App. 3 Cir. 11/2/06), 942 So.2d 721. Accordingly, it is not appropriate for an appellate court to supplement the record "with documents that have never been offered, introduced, or admitted into evidence," and we deny the defendants' motion. *Franklin v. Enterprise Rent-A-Car*, 12-555, p. 5 (La.App. 3 Cir. 12/5/12), 104 So.3d 720, 723.

14

**DECREE**

For the foregoing reasons, we reverse the judgment of the workers' compensation judge awarding the claimant, Gary Pickett, $150.00 in penalties for failure to timely reimburse medical expenses. We affirm the judgment in all other respects. We deny the motion to supplement the record filed by the defendants, J.B. Tuck Land Clearing and Bridgefield Casualty Insurance Company. Costs of this appeal are assessed to the defendants-appellants.

**REVERSED IN PART AND AFFIRMED IN PART. MOTION TO SUPPLEMENT THE RECORD DENIED.**