NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 09-1501

DAVID TRAHAN

VERSUS

ROBERT GUIDRY, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20080062
HONORABLE DURWOOD WAYNE CONQUE, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of John D. Saunders, Billy Howard Ezell, and David E. Chatelain, Judges.

AFFIRMED.

Larry Lane Roy
Elizabeth A. Hunt
Preis & Roy
P. O. Drawer 94-C
Lafayette, LA 70509
(337) 237-6062
Counsel for Defendant/Appellee:
Southwest Louisiana Electric Membership Corporation

*Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Gregg Arthur Wilkes**
**Phyllis Joan Bradshaw Hennessee**
**Cook, Yancey, King & Galloway**
**Post Office Box 22260**
**Shreveport, LA 71120-2260**
**(318) 221-6277**
**Counsel for Defendants/Appellees:**
**Robert Guidry**
**Shelter Mutual Insurance Company**
**Faye Hebert**

**Stephen Robert Barry**
**Wendell Robert Verret**
**Barry & Piccione**
**405 West Main Street**
**Lafayette, LA 70501**
**(337) 237-2889**
**Counsel for Plaintiff/Appellant:**
**David Trahan**

**Alyse Richard**
**Preis & Roy**
**102 Versailles Blvd., Suite 400**
**Lafayette, LA 70509**
**(337) 237-6062**
**Counsel for Defendant/Appellee:**
**Southwest Louisiana Electric Membership Corporation**

**EZELL, JUDGE.**

David Trahan appeals the trial court's grant of summary judgment in favor of Robert Guidry, Faye Hebert, and Shelter Mutual Insurance Company (Shelter). For the following reasons, we hereby affirm the decision of the trial court.

Around 9:30 p.m. on January 4, 2007, a house fire was reported in a house owned by Mr. Guidry and Ms. Hebert. Mr. Trahan had leased the house with his wife, who lived in the home with the couple's child and two children from Mrs. Trahan's prior marriage. Mrs. Trahan and the three children were home when the fire started. Tragically, all four died as a result of carbon monoxide poisoning while asleep in their beds. Mr. Trahan filed this current suit against Mr. Guidry, Ms. Hebert, and their insurer, Shelter, alleging that defects in the home caused the fire. The Defendants filed a motion for summary judgment, which was granted by the trial court, who found no defect in the home. From that decision, Mr. Trahan appeals.

Mr. Trahan asserts four assignments of error on appeal. He claims that the trial court erred in failing to find a genuine issue of material fact as to the strict liability of the Defendants; that the trial court erred in failing to find a genuine issue of material fact related to the absence of carbon monoxide detectors in the home; that the trial court erred in failing to find a genuine issue of material fact regarding the cause of the fire; and that the trial court erred in failing to apply the doctrine of res ipsa loquitor to the case.

We will address Mr. Trahan's second and third assignments of error together, as they deal with the same issue, that the trial court failed to find a genuine issue of material fact as to any defect existing in the home which caused the fire. We will address this first because our determinations on this issue will affect our ruling on Mr. Trahan's first assignment of error.

1

> Summary judgments are reviewed *de novo* on appeal, with the reviewing court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. *Power Marketing Direct, Inc. v. Foster*, 05-2023 (La.9/6/06), 938 So.2d 662, 669; *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La.7/5/94), 639 So.2d 730, 750.
>
> A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ. Proc. art. 966(B).

*La. Safety Ass'n of Timbermen Self-Insurers Fund v. Louisiana Ins. Guar. Ass'n*, 09-23, p.5 (La. 6/26/09), 17 So.3d 350, 353.

Mr. Trahan claims that there exist genuine issues of material facts as to defects in the home which caused the fire. He alleges that outdated wiring, the absence of carbon monoxide detectors, or the home's metal roof created defects which led to this tragedy. However, the record before this court contains no evidence in support of this allegation. To the contrary, the consensus among the investigators examining the case was that a fire started in the home's living room at the location of the Trahan's entertainment center. While the cause of the fire was undeterminable, all three experts agreed that an electrical appliance was the most likely cause of the fire. All the electronic equipment in the home was owned by the Trahans. Three reasons were put forth by all experts for the initial failure of whatever appliance malfunctioned, including an electrical surge caused by a nearby lightning strike, a transformer failure, or both. The evidence in the record shows that all three experts investigating the fire determined that the home's wiring was in no way responsible for the ignition of the fire, including Mr. Trahan's own expert, who found that "the cause of the loss was a defect in the Slemco transformer that resulted in damage to the building appliances."

Moreover, while Mr. Trahan puts forth standards of the National Fire Prevention Association as some proof that the lack of a carbon monoxide detector was a defect, the authority cited is merely the standards required of manufacturers and/or installation contractors in correctly installing carbon monoxide detectors. He asserts no building code, state regulation, jurisprudence, or even expert opinion that carbon monoxide detectors are required, or that any absence thereof constitutes a defect. This likewise applies to Mr. Trahan's allegation that the home's metal roof constituted a defect. Furthermore, the home was equipped with functioning smoke detectors, as testified to by Mrs. Trahan's mother. Simply put, the Defendants supported their motion for summary judgment with evidence establishing a lack of factual support for an essential element of Mr. Trahan's claim, that there was a defect in the home. Mr. Trahan then failed to rebut this evidence in any way. In fact, his own expert rendered findings contrary to his assertions. The trial court did not commit error in finding that Mr. Trahan did not introduce any evidence of a defect in the home.

Mr. Trahan next claims that the trial court erred in not holding the Defendants to a strict liability standard under La.Civ.Code arts. 2696 and 2697, rather than an ordinary negligence standard. The Defendants counter that under *Moore v. Oak Meadows Apartments*, 43-620 (La.App. 2 Cir. 10/22/08), 997 So.2d 594, strict liability is no longer applicable to tort claims between a lessor and lessee. However, we need not address the issue as to which standard applies in this matter because, as noted in a case cited by Mr. Trahan, *McGinty v. Pesson*, 96-850, p.6 (La.App. 3 Cir. 12/11/96), 685 So.2d 541, 544, under strict liability "[t]o recover . . . the lessee must prove by a preponderance of the evidence that a defect existed on the premises and that such defect was the cause of her damages or losses." As noted above, Mr.

3

Trahan did not prove that any defect existed in the home, and therefore, could not recover under either theory, rendering this assignment of error moot.

Finally, Mr. Trahan claims that the trial court erred in failing to apply the doctrine of res ipsa loquitor. Again, we disagree. Res ipsa loquitur is applicable when the circumstances surrounding an accident are so unusual as to give rise to an inference of negligence or liability on the part of the defendant and that, under such circumstances, the only reasonable and fair conclusion is that the accident resulted from a breach of duty or omission on the part of the defendant. *Cangelosi v. Our Lady of the Lake Reg'l Med. Ctr.*, 564 So.2d 654 (La.1989).

> *Res ipsa loquitor* is an evidentiary doctrine that requires a defendant to exculpate himself from an inference of negligence. *Cherry v. Herques*, 623 So.2d 131 (La.App. 1 Cir.1993). It applies when: the accident would not normally occur in the absence of negligence, there exists an absence of direct evidence to explain the activities leading to the injury, and the accident or injury was caused by an agency or instrumentality within the actual or constructive control of the defendant. *Id*.

*Walston v. Lakeview Reg'l Med. Ctr.*, 99-1920, p. 6 (La.App. 1 Cir. 9/22/00), 768 So.2d 238, 242, *writ denied*, 00-2936 (La. 12/15/00), 777 So.2d 1229.

Res ipsa loquitor is not applicable in this matter because the evidence in this matter does, in fact, point to an explanation for the cause of the fire. More importantly, that explanation is that the fire occurred directly for reasons other than the negligence of the Defendants. The trial court was correct in not applying the doctrine of res ipsa loquitor and in granting the Defendant's motion for summary judgment.

For the above reasons, the decision of the trial court is hereby affirmed. Costs of this appeal are hereby assessed against David Trahan.

**AFFIRMED.**

4

This opinion is NOT DESIGNATED FOR PUBLICATION.  Uniform Rules-Courts of Appeal. Rule 2-16.3.