NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-272

DAVID B. TRAHAN, II

VERSUS

WENDELL R. VERRET, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT,
PARISH OF LAFAYETTE, NO. C-2010-4898-J
HONORABLE JOHN D. TRAHAN, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Billy Howard Ezell, J. David Painter, and James T. Genovese, Judges.

AFFIRMED.

James H. Gibson
Gibson T. LaBorde
Allen & Gooch, A Law Corporation
2000 Kaliste Saloom Road, Suite 400
Lafayette, LA 70508
(337) 291-1300
COUNSEL FOR DEFENDANTS-APPELLEES:
    Wendell R. Verret, Stephen R. Barry, and Barry & Piccione, LLC

Edward J. Marquet
Edward J. Marquet, APLC
120 Caillouet Street
Lafayette, LA 70505

**(337) 237-6841**
**COUNSEL FOR PLAINTIFF-APPELLANT:**
    **David Trahan, II**

**Sera H. Russell, III**
**Attorney at Law**
**111 Mercury Street**
**Lafayette, LA 70503**
**(337)237-7171**
**COUNSEL FOR PLAINTIFF-APPELLANT:**
    **David Trahan, II**

**PAINTER, Judge.**

Plaintiff, David B. Trahan, II, appeals the trial court's judgment in favor of Defendants, Wendell R. Verret, and Stephen R. Barry, Barry & Piccione, LLC, dismissing his claims of legal malpractice with prejudice. We affirm the trial court's judgment but deny Defendants' demand for damages for frivolous appeal.

### FACTS AND PROCEDURAL HISTORY

The underlying claim in this legal malpractice case is a wrongful death suit involving the tragic deaths of Plaintiff's wife, son, and two step-children in a house fire on January 4, 2007. The original petition in the wrongful death suit was filed by Plaintiff *pro se* on January 3, 2008, and named the owners of the home as Defendants.[1] An amended petition was filed by Verret to add the homeowners' insurer as Defendant. Plaintiff's claims against the homeowners and their insurers were dismissed by summary judgment, which was upheld by this court in an unpublished opinion, *Trahan v. Guidry*, 09-1501 (La.App. 3 Cir. 5/5/10), 34 So.3d 1169. Another amended petition was filed by Verret naming SLEMCO as a Defendant; however, SLEMCO was dismissed with prejudice after Plaintiff refused to sign settlement documents. That judgment was not appealed by Plaintiff.

Plaintiff then obtained the services of another attorney and filed this legal malpractice suit on July 26, 2010, alleging that he retained the legal services of Defendants prior to the January 4, 2008 prescription date for the wrongful death suit but that Defendants failed to properly "investigate and evaluate" possible defendants in the wrongful death suit and failed to "properly and timely" file suit against potentially liable defendants in the wrongful death suit. The parties agreed

---

[1] All parties agree that this petition was prepared by James D. Landry, the attorney who was representing Plaintiff regarding his wife's succession. Plaintiff signed an affidavit confirming that Landry was not representing him in the wrongful death suit.

that the single issue of "what specific calendar date the Defendants began representing Plaintiff" would result in a final disposition of the case and filed a joint motion to bifurcate the trial such that the date issue would be tried first, and, if Defendants won on that issue, Plaintiff's suit against them would be dismissed with prejudice; but if Plaintiff won on that issue, the remaining issues would be tried at a later date. The trial court heard the testimony of Plaintiff, Francis LeJeune (Plaintiff's cousin), Verret, Landry, Tina Broussard Champagne (Landry's paralegal), and Brett Stefanski (an attorney hired by Plaintiff to represent him in another, unrelated matter). After considering the testimonies of these witnesses as well as the documentary evidence, the trial court found that Plaintiff's and LeJeune's testimony as to the date Defendants' services were retained was less than credible. The trial court also found that the testimonies of the other witnesses, as well as the documentary evidence, established that Plaintiff did not seek Verret's counsel until July 2008, well after the prescriptive period in the wrongful death suit had run. Thus, the trial court found in favor of Defendants and dismissed Plaintiff's claims in their entirety with prejudice. Plaintiff appealed, and Defendants answered the appeal seeking damages for frivolous appeal. Finding no manifest error in the trial court's decision, we affirm; however, we do not award damages for frivolous appeal.

## DISCUSSION

*Date of Representation*

The determination of the date that Defendants' representation of Plaintiff commenced is an issue of fact which is reviewed under the manifest error standard. *Rosell v. ESCO*, 594 So.2d 840 (La.1989). It is clear that because of the bifurcation, the only issue before the trial court was whether Defendants represented Plaintiff on or prior to January 4, 2008.

2

After considering the testimony of several witnesses and documentary evidence, the trial court made the following factual findings on the record:

> [Plaintiff] inquired with Jack Miller in July of '08 either about the -- either about this case, this potential claim, or the recovery of -- maybe the opening of the succession. In any event, [Plaintiff] was referred or made his way to Mr. Landry.
>
> Mr. Landry saw [Plaintiff] in early January of '08, and he was going to inquire about the recovery of some life insurance proceeds. They also discussed the potential of a wrongful death suit to be filed over the fire.
>
> Mr. Landry advised [Plaintiff] that he wouldn't represent him, but since the prescription date was only two days away[,] that he would file – draft a lawsuit to be filed by [Plaintiff] in proper person.
>
> [Mr. Landry] also had [Plaintiff] sign an affidavit acknowledging that [Mr. Landry] wasn't going to represent him in the case, and [Plaintiff] executed that affidavit in front of Ms. Broussard Champagne. He also executed the affidavit in support of the pauper status before Ms. Broussard Champagne in January of '08.
>
> [Plaintiff] then no longer had any professional relationship with Mr. Landry but did with Brett Stefanski beginning on June 20, 2008, when he saw Mr. Stefanski about an expungement of a DWI.
>
> . . . .
>
> The next time [Plaintiff] saw Mr. Stefanski was on July 15, 2008. And as Mr. Stefanski went through the records relating to the expungement, he saw the letter from Mr. Wilkes [attorney for the homeowners] about some outstanding discovery in a wrongful death suit. And Mr. Stefanski declined to represent [Plaintiff], but he did tell him that it was a serious matter and that he needed a lawyer. And he recommended and referred [Plaintiff] to Steve Barry who practices with Mr. Verret.
>
> [Plaintiff] then went to Mr. Verret's office and saw him for the first time about the wrongful death suit in July of 2008, [Plaintiff] and Mr. LeJeune say that they met with Mr. Verret in late October 2007, shortly after the Rice Festival, and well within the prescriptive period for filing a timely suit on the wrongful death claim.
>
> If the Court were to accept this as true, the Court would have to believe that [Plaintiff] made no mention of Mr. Verret's representation to Mr. Landry when he saw him. He would have made no mention of Mr. Verret's representation to Mr. Stefanski when he saw him. And, in fact, it's [Plaintiff's] testimony that he got to Mr. Verret through a referral by Mr. Stefanski, who he didn't see until June of '08 and who

didn't refer [Plaintiff] to Mr. Verret and/or Mr. Barry until July 15, 2008.

Also, when [Plaintiff] went to see Mr. Stefanski, it's [Plaintiff's] testimony that he brought the paperwork -- the petition, the pro se petition that had been drafted by Mr. Landry when he went to see Mr. Stefanski. No mention ever of Mr. Verret.

I easily conclude that [Plaintiff] never met Wendell Verret until late July 2008. And that being the case, any claim -- any claim against Mr. Verret for not timely filing suit can be dismissed.

We agree that the documentary evidence supports the testimony that Plaintiff did not retain the services of Verret until late July 2008, and we find no manifest error in the trial court's factual determinations as cited above. The only contradiction to the date of representation being July 2008, is the self-serving testimony of Plaintiff and his cousin. The letter dated March 28, 2008, to the clerk of court requesting service of the pro se petition is unsigned. Both Plaintiff and Verret deny writing this letter. Plaintiff argues that there is no other explanation for this letter except that Verret looked at the court record and sent the letter under Plaintiff's name to keep the case alive. We do not agree. There is no evidence or testimony to support the assertion that this letter was written or sent by Verret, and there are many other explanations for the letter other than that advanced by Plaintiff. We find no manifest error in the trial court's decision to credit the testimony of Verret over that of Plaintiff since Verret's testimony is corroborated by both the documentary evidence and the testimony of other witnesses. Thus, we affirm the judgment dismissing Plaintiff's claims with prejudice.

*Damages for Frivolous Appeal*

Louisiana Code of Civil Procedure Article 2164 provides that:

The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages, including attorney fees, for frivolous appeal or application for writs, and may tax the costs of the lower or appellate court, or any

4

part thereof, against any party to the suit, as in its judgment may be considered equitable.

In *Franklin v. Enterprise Rent-A-Car*, 12-555, p. 7 (La.App. 3 Cir. 12/5/12), 104 So.3d 720, 725, *writ denied*, 13-399 (La. 4/1/13), 110 So.3d 557 (quoting *Broussard v. Union Pac. Res. Co.*, 00-1079, pp. 9-10 (La.App. 3 Cir. 1/31/01), 778 So.2d 1199, 1205, *writ denied*, 01-589 (La. 4/27/01), 791 So.2d 118), this court stated:

> Lack of merit to an appeal does not necessarily mean that the appeal is frivolous. *Hershell Corp. v. Fireman's Fund Ins. Co.*, 98-1352 (La.App. 3 Cir. 6/2/99); 743 So.2d 698. "Appeals are always favored and, unless the appeal is unquestionably frivolous, damages will not be allowed." *Hampton v. Greenfield*, 618 So.2d 859, 862 (La.1993). "Damages for frivolous appeal are only allowed when 'it is obvious that the appeal was taken solely for delay or that counsel is not sincere in the view of the law he advocates even though the court is of the opinion that such view is not meritorious.'" *Id.* (*quoting Parker v. Interstate Life & Accident Ins. Co.*, 248 La. 449, 179 So.2d 634, 636-37 (1965)).

Although we do not find any merit to Plaintiff's argument on appeal, we do not find that the appeal was taken solely for the purposes of delay or that appellate counsel was not sincere in the argument advanced. We do not award any damages for frivolous appeal.

**DECREE**

The trial court's judgment in favor of Defendants, dismissing Plaintiff's claims in their entirety with prejudice is hereby affirmed. We decline to award damages for frivolous appeal but assess all costs of this appeal to Plaintiff.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2–16.3.